## THOMAS CRONIN V. THE STATE.

### No. 3796.    Decided October 25.

1.  **Charge—Indictment—Proof.**—Where an indictment under article 366, Penal Code, charged defendant with renting certain rooms for purposes of gaming, and the proof showed a renting to but one of the parties named, it was held error for the court to refuse to give in charge a special requested instruction as follows: "If you believe from the evidence that defendant rented the rooms in question to John Hanna alone, and not to John Hanna and Floyd Mergenthal, as charged in the indictment, you will find the defendant not guilty."

2.  **Same—Allegata and Probata.**—Where the indictment charged a joint rental by two parties, the proof must correspond.

3.  **Evidence — Reputation of House.** — It was error to permit the State, over defendant's objections, to prove the reputation of the house or rooms in question as places used for gaming, and that such was their general reputation.

APPEAL from the County Court of Anderson.    Tried below before Hon. G. W. G. Jowers, County Judge.

Appellant was indicted for unlawfully renting to John Hanna and Floyd Mergenthal certain rooms to be used for gaming purposes.    At the trial he was found guilty and his punishment assessed at a fine of $50.

*J. R. Burnett,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The indictment in this case was drawn under article 366 of the Penal Code, charging appellant with renting certain rooms to John Hanna and Floyd Mergenthal for the purpose of being used as a place for playing, dealing, and exhibiting certain games of cards.    The appellant asked the court to instruct the jury as follows: "If you believe from the evidence that the defendant rented the rooms in question to John Hanna alone, and not to John Hanna and Floyd Mergenthal, as charged in the indictment, you will find the defendant not guilty."    This charge was refused, and a bill of exception was reserved to such refusal.    The evidence shows beyond dispute or contradiction that John Hanna alone rented the rooms, and Mergenthal had nothing to do with the renting thereof.    Hanna testified, that Mergenthal and himself "were never partners in renting the rooms or otherwise," and that he "rented the rooms for bedrooms, and not for the purpose of gaming."    Mengenthal testified, that he "never rented them (the rooms) from any one."    Appellant testified, that the rooms "were rented to John Hanna by my son for bedrooms. * * * These rooms were never rented to Hanna nor any one else for the purpose of

gaming or other purpose than for bedrooms." Under this state of case, the requested instruction should have been given in charge to the jury, and its refusal was error. Withers v. The State, 21 Texas Ct. App., 210; Wilcox v. The State, 7 Blackf. (Ind.), 456; Isley v. The State, 8 Blackf. (Ind.), 403.

The indictment charged a joint rental of the rooms, and the proof must correspond. The above recited facts substantially state the case as made on the record, and we are of the opinion that the evidence fails to prove the offense as charged in the indictment. The assignment of error that the evidence does not support the conviction must therefore be sustained.

The court, over appellant's objection, permitted the State to prove the reputation of the rooms in question as places for gambling, and that such was their general reputation. This was error. Whart. Crim. Ev., sec. 260. Such testimony is incompetent and irrelevant, and did not tend to prove the issue tendered by the indictment.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Hurt, J., absent.