### SAM WARREN v. THE STATE.

No. 6935.   Decided February 7, 1923.

**Gaming—Reputation of House—Statutes Construed.**
    Where the allegation was that defendant gambled at a private house and it was alleged as a fact that such house was commonly resorted to for the purpose of gaming, this allegation could be established like any other fact by circumstantial as well as direct testimony, and the circumstances from which it could be inferred that the house was used for the purpose of gaming must be proved as any other fact, and not by proof of general reputation of the house.   Following Cronin v. State, 30 Texas Crim. App., 278.   Distinguishing Joliff v. State, 53 Texas Crim. Rep., 63.

Appeal from the County Court of Smith.   Tried below before the Honorable D. R. Pendleton.

Appeal from a conviction of gaming; penalty, a fine of $20.00.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, and *Brady P. Gentry,* County Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for gaming, with fine of $20 assessed as punishment.

The particular offense charged against appellant was that he bet at a game played with cards in a private residence occupied by a family which was commonly resorted to for the purpose of gaming.   The gambling was at Wiley Sherman's house. · The State made proof of various circumstances tending to establish the allegation that the house was a resort for gambling; but the most cogent evidence on this point was admitted from numerous witnesses,—over appellant's repeated ob-

jèction,—that they knew the general reputation of Wiley Sherman's house to be one commonly resorted to for the purpose of gaming.

In Cronin v. State, 30 Texas Crim. App., 278, 17 S. W. Rep., 410, the defendant was charged with renting rooms for the purpose of being used for playing or exhibiting certain games of cards. The State was permitted to prove the geneal reputation of the rooms in question to be a place for gambling. This was held error. The county attorney who represented the State upon the trial has filed a brief in which he argues that the same rule would not apply in the instant case as the charge here is that the house in question was commonly resorted to for the purpose of gaming, and insists with some plausibility that the rule applied in disorderly house cases should govern. In Section 260 and 261, Wharton's Crim. Evidence, Vol. 1, 10th Ed. and the notes thereunder it is very clearly pointed out that the wording of the statute under investigation will largely control the character of proof admissible. The general rule is laid down in Section 260 (supra):

"Where the offense is laid in the indictment in general terms, as where the defendant is charged with keeping a common gambling or disorderly house, general reputation as to the fact sought to be proved is not admissible."

But when the statute denounces the keeping of a house of "ill repute" or "ill fame" then the general reputation of the house may be received in evidence. (Section 261.) Our own decisions permitting proof of general reputation to establish the character of the house where the prosecution is for keeping a "disorderly house" is a departure from the general rule, under the wording of our present statute, and were evidently based upon the idea that a disorderly house was generally understood to be one of "ill fame." After the disorderly house statute was amended to include one kept for the sale of intoxicating liquor without license the question now under consideration was discussed in Joliff v. State, 53 Texas Crim. Rep., 63, 109 S. W. Rep., 176. The majority of the court held that the testimony of general reputation of the house was admissible because it had long been established in this State that such proof could be received relative to disorderly houses, and that the Legislature must have recognized the rule in amending the statute.

It will be observed that it is not charged against appellant that he gambled at a house "reputed to be one commonly resorted to for the purpose of gaming,"—(for such is not the statute)—but it is alleged as a fact that such house was commonly resorted to for such purpose. This being the allegation it may be established as any other fact, by circumstantial as well as direct testimony; but if circumstantial evidence is resorted to the circumstances from which the inference is to be drawn must be proved as any other fact, and not by proof of general reputation. We have been unable to draw the distinction between the instant case and that of Cronin (supra), and regard the rule therein laid down as correct. Underhill on Criminal Evidence, Section 475.

Because of the erroneous admission of this testimony the judgment must be reversed and the cause remanded.

*Reversed and remanded.*