C. M. GOTHARD v. THE STATE.

No. 7777.   Decided June 6, 1923.

**1.—Manufacturimg Intoxicating Liquor —Suspended Sentence.**

Where defendant was more than twenty-five years of age, he was not entitled to the benefit of the suspended sentence law, in a case wherein he is charged with the offense of manufacturing intoxicating liquor.

**2.—Same—General Reputation—Rule Stated.**

Where a number of witnesses, both for the State and the defendant, were permitted, over objection of the accused, to testify that his reputation for making and selling intoxicating liquor was bad in the community in which he lived, the same was manifestly a transgression of the rule applicable in any case where the question of reputation is properly raised, and the same is reversible error.

Appeal from the District Court of Polk.   Tried below before the Honorable J. L. Manry.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*S. F. Hill,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Polk County of the offense of manufacturing intoxicating liquor, and his punishment fixed at confinement in the penitentiary for one year.

Appellant being more than twenty-five years of age, was not entitled to the benefit of the suspended sentence law in a case of this kind and proceedings appropriate in a case where the accused is so entitled, should not have been permitted.

By reason of the filing and presentation of an application for suspended sentence the question of the good or bad reputation of appellant was treated as an issue in the case.   A number of witnesses both for the State and appellant were permitted, over objection of the accused, to testify that his reputation for making and selling intoxicating liquor was bad in the community in which he lived.   This was manifestly a transgression of the rules applicable in any case where the question of reputation is properly raised.   In a murder case, even if there arises a situation in which the general reputation of the accused for being a peaceable, law-abiding citizen becomes an issue, it would manifestly be improper to prove that his reputation for killing people, is bad.   So likewise in burglary cases or theft cases,

etc., etc. We are not able to appreciate the extent of the harm which might have accrued from this violation of the rules. The testimony of a number of witnesses that the reputation of the accused was bad, for doing the very thing involved in the charge against him, would appear likely to have much injurious weight with those sitting on the jury trying to solve the question as to whether it had been shown that he had done the thing for which he had such bad reputation.

Believing the State to have committed material error in the introduction of this testimony, our Assistant Attorney General has confessed error and we agree with him. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*