### GUS BURNS v. THE STATE.

### No. 7774. Decided June 6, 1923.

**Manufacturing Intoxicating Liquor—General Reputation.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, an application for a suspended sentence had been filed, and the defendant had introduced several witnesses to show that he was a, law-abiding, good citizen, it was reversible error to permit the State in rebuttal to show that the wit-

nesses were acquainted with defendant's general reputation in the community where he lived for being a man who made and manufactured whisky in violation of the law, and sold the same in violation of law, even if a charge had been given limiting the effect of such testimony the same was reversible errror.

Appeal from the District Court of Polk.    Tried below before the Honorable J. L. Manry.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment the penitentiary.

The opinion states the case.

*S. F. Hill,* for appellant.—Cited, Johnson v. State, 241 S. W. Rep., 486.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the unlawful manufacture of intoxicating liquor carrying a punishment of one year in the penitentiary.

In the disposition we find it necessary to make of the case we are not called upon to detail the evidence.    The case was one depending for conviction upon circumstantial evidence, was so recognized by the court and the jury charged accordingly.

Application for suspended sentence had been filed and appellant introduced several witnesses by whom he proved that his general reputation as a quiet, law abiding citizen was good.    The state in rebuttal placed upon the stand a number of witnesses and over appellant's objection interrogated then as follows:

"Are you acquainted with defendant's general reputation in the community where he lives for being a man who made and manufactured whisky in violation of law and sold same in violation of law?"

Each of the witnesses answered said question in the affirmative and then stated that his reputation in that respect was bad.    The objections interposed were that the questions were not in the form prescribed by statute and were highly prejudicial to the rights of appellant.    Each bill of exception presenting this alleged error is qualified with the statement that appellant had first put his reputation in issue as being a peaceable, law abiding citizen, and had filed an application for a suspended sentence, and for these reasons the learned trial judge thought the evidence complained of was admissible.

It is true that when appellant files an application for suspended sentence he places his character as to being a peaceable, law abiding citizen in issue and the state could properly introduce pertinent evidence with reference thereto.    In Johnson v. State, 91 Texas Crim. Rep., 482, 241 S. W. Rep., 484, on rehearing, we undertook to

give the view of this court with reference to the proper procedure in the introduction of evidence upon the issue of an accused's reputation raised by filing an application for suspended sentence. In that particular case we had under direct examination the question of proving specific acts of misconduct rather than that of general reputation, but we stated certain general principles quoting from the text books relative to the subject under discussion. The learned trial judge in the instant case seems to have admitted the evidence complained of on the theory that the State having formulated the question in such a way as to elicit information from the witnesses as to the general reputation of appellant relative to alleged manufacture and sale of intoxicating liquor, that it came within the rule of proving his general reputation as a peaceable and law abiding citizen. We think in this respect the court fell into error. .The very question before the jury was whether in the particular case under investigation the defendant had illegally manufactured liquor, and we can think of no more damaging testimony that could have been introduced by the State than to have shown that he bore the general reputation of being engaged in the illegal manufacture and sale thereof. No charge limiting the effect of this testimony to the issue of suspended sentence was given by the court and none was requested, but even if such limiting charge had been given we are unable to perceive how the jury could have avoided consideration of such proof in passing primarily upon appellant's guilt in the particular case. If such evidence should be held to be admissible then upon a trial for burglary, cattle theft, forgery or any other felony in which an application for suspended sentence is permitted under the law, and the accused introduced evidence of his general reputation as a peaceable and law abiding citizen, the State would have the right to show that he bore a bad reputation as a burglar, cattle thief or forger, and to that extent supplement whatever proof it may have been able to introduce upon the issue of guilt in the first instance. (See Gothard v. State, No. 7777, this day decided).

For the error complained of, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*