HENRY LOVELADY v. THE STATE.

No. 7307. Decided October 31, 1923.

**1.—Manufacturing Intoxicating Liquor—Declarations and Acts of Defendant— Res Gestae.**

The acts of the appellant at the immediate time of the arrest, in connection with the still and the fact that the liquid ran, after the officers arrived, was *res gestae* and admissible. Following Broz v. State, 93 Texas Crim. Rep., 137.

**2.—Same—Suspended Sentence—General Reputation.**

It was not competent to prove as original testimony that the appellant bore the general reputation of a bootlegger or whisky maker, and no peculiarity in the record is shown which would render the admission of the testimony proper in the instant case. Following Burns v. State, 94 Texas Crim. Rep., 533, 252 S. W. Rep., 508, and other cases.

3.—Same—Evidence—Specific Acts.

Whether on the general issue or that arising under application for suspended sentence, general reputation is not provable by specific acts of misconduct; and the fact that appellant had paid a fine on one occasion for drunkenness and upon another for disturbing the peace was inadmissible. Following Johnson v. State, 91 Texas Crim. Rep., 588, and other cases.

Appeal from the District Court of Angelina. Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Fairchild & Redditt* for appellant. On question of general reputation, Johnson v. State, 241 S. W. Rep., 484; Moore v. State, 237 id., 931; Williamson v. State, 167 id., 360.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

It appears from the State's evidence that the officers, while watching a still which had been previously discovered, they saw the appellant go to it and engage in handling the mash and otherwise preparing to put the still into operation. After a short time, they went to the still and found a fire under it and the liquid boiling. About the time they reached the still, there began to drip from the coil what they called "shimmey," which, according to the State's testimony, was intoxicating. The acts of the appellant at the immediate time of the arrest, in connection with the still and the fact that the liquid ran after the officers arrived, was not inadmissible by reason of the confession statute, but was embraced in the *res gestae* rule. (Broz v. State, 93 Texas Crim. Rep., 137, 245 S. W. Rep. 707.)

Appellant filed an application for a suspended sentence. On the issue of the suspended sentence, appellant's mother testified that he had never been convicted of a felony; that she was seventy years of age and lame from paralysis and could walk only with the aid of crutches; that she and her sister, who was eighty-two years old and helpless, lived in a rented house; that appellant, her youngest son, was the only one at home and her sole dependent for aid and support.

The first witness for the State was Homer Bell, who described the still and appellant's connection with it at the time immediately before his arrest. In order to impeach him, by contradictory statements, appellant introduced the witness Davis, a constable, who

heard Bell testify at the examining trial. According to the bill of exceptions, Davis, on cross-examination, was asked if he knew the appellant's general reputation in regard to bootlegging and making liquor, to which he replied: "I can only answer in this way; officially, I heard it was bad." The objection to this question and answer were overruled. It was not competent to prove as original testimony that the appellant bore the general reputation of a bootlegger, or whisky maker.: He was on trial for making whisky, and his reputation as a whisky maker was not available to prove his guilt, nor was it relevant upon the issue of a suspended sentence. No peculiarity in the record is revealed which would render the admission of the testimony proper in this particular case. In the case of Burns v. State, 94 Texas Crim. Rep., 533, 252 S. W. Rep., 508, and in Gothard v. State, 94 Texas Crim. Rep., 538, 252 S. W. Rep., 508, such evidence has been specifically held improper.

Proof was also heard to the effect that appellant had paid a fine on one occasion for drunkenness and on another for disturbing the peace. The objection to this testimony should have been sustained. They related to specific acts of misconduct, and if we properly comprehend the record, were introduced as original testimony against the reputation of the appellant. Whether on the general issue or that arising under application for suspended sentence, general reputation is not provable by specific acts of misconduct. These are available on cross-examination to test the memory of a character witness and the accuracy of his information, but not as original testimony. The subject is discussed and authorities reviewed at some length and the above rule stated in Johnson v. State, 91 Texas Crim. Rep., 588. Intimations to the contrary in previous cases such as White v. State, 82 Texas Crim. Rep., 286 and Hollman v. State, 87 Texas Crim. Rep., 476, are modified to accord with the rule stated in Johnson v. State, *supra,* also Burns v. State, 94 Texas Crim. Rep., 533, 252 S. W. Rep., 508; and Gothard v. State, 94 Texas Crim. Rep., 538, 252 S. W. Rep., 508.

The testimony mentioned in both instances was calculated to prejudice the appellant's case upon the issue of suspended sentence. Because of its receipt, the judgment is reversed and the cause remanded.

*Reversed and remanded.*