ARTHUR NOLEN v. THE STATE.

No. 8526.   Delivered November 26, 1924.

No motion for rehearing filed.

**Manufacturing Intoxicating Liquor—Evidence—Articles—Comparison of.**

The state was permitted to prove, over appellant's objections, that the supposed liquor manufactured, tasted like some witness had received in a bottle witness got from Wesley Taylor. A bottle of supposed corn whisky was handed witness by the district attorney, who after tasting it said it tasted like the stuff he tasted at appellant's still. This was not a proper procedure.

Appeal from the District Court of McCullough County.   Tried below before the Hon. J. O. Woodward, Judge.

Appeal from a conviction for the manufacture of intoxicating liquor; penalty, one year and a day in the penitentiary.

*Thomas C. Tumley,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year and a day.

Appellant seems to be a negro who worked upon the farm of W. W. Priest.   Near a tank on Priest's premises, the appellant was seen with an improvised still.   Priest testified that there was something running out of the still which tasted like alcohol, though he could not say whether it was intoxicating or not.   He seems not to have taken possession of any of the liquid but contented himself with ordering the negro to remove the apparatus from the premises.   This the negro did and was arrested by the witness Crumbley. After his arrest the appellant pointed to what the witness described as "something else" and the witness said:   "There was water in it; it was mash and had soured." Appellant told the officer at the time of his arrest that he had tried to make liquor but that he could not do so; that he had made a "flash." Upon the trial it appears that while Priest was upon the stand testifying in behalf of the State, there was exhibited to him a bottle containing a liquid of which the witness said:

"I have seen that bottle of liquor before at my house.   Wesley Taylor brought it there.   I did not get it from this defendant."

It seems that the witness was asked to taste this liquid and he said

that he had tasted it just a little while ago and that it was the same kind of stuff that he tasted when he found the negro at the still; that he knew the taste of alcohol and also that of corn whisky. The district attorney furnished the witnesses with a bottle, stating it was corn whisky, and the witness, after tasting it, said that it tasted like the liquid in the bottle. A somewhat similar procedure was pursued by the witness Crumbley, and he gave like testimony except that he testified that he had never seen or tasted the liquid which came from the still operated by the appellant. He claimed that he had never seen the bottle which, according to the witness Priest, had been brought to his house by Wesley Taylor. If we understand the record, there was presented before the jury a bottle of liquid which was brought to the home of the witness Priest by Wesley Taylor. There was also presented a bottle of corn whisky the source of which is not disclosed at all, but it seems to have been introduced for the purpose of comparison. It is not shown what connection the appellant had with the bottle of liquid mentioned or where Wesley Taylor got it. This evidence goes to show that the bottle of liquid which Wesley Taylor brought to the home of Priest tasted like alcohol and tasted like corn whisky. The bills of exception presenting these matters are not prepared in the most happy manner. However, with the qualifications they seem to reveal the facts mentioned and that objection was made upon the ground that the appellant's connection with the bottle of liquid produced by Wesley Taylor was not established. The appellant testified that he had undertaken to make whisky but had not been able to do so. A witness who examined the liquid which came from the appellant's still said that it had the taste of kerosene oil and not that of whisky. From his testimony it appears that the stuff was not drinkable at all; that he spit it out.

The use of the liquid which came from Wesley Taylor, in the absence of evidence showing the appellant's connection with it, was clearly inadmissible, and we are of the opinion that the production of the corn whisky for the purpose of taste and comparison before the jury was not the proper procedure. If such a comparison is permitted, it would open the way for evidence as to whether the article presented for comparison was corn whisky. Except for this testimony improperly received, the evidence that the appellant made intoxicating liquor is extremely meager. If the appellant's efforts went no further than the preparation for the manufacture, he would not be guilty of the offense. Schmidt v. State, 260 S. W. Rep., 848.

Because of the receipt of improper evidence which may have influenced the verdict, the judgment is reversed and the cause remanded.

*Reversed and remanded.*