WALTER WILMERING v. THE STATE.

No. 8866.   Delivered April 15, 1925.

Rehearing granted May 13, 1925.

1.—Transporting Intoxicating Liquor—Recognizance—When Defective—Cause Dismissed.

A recognizance should recite that the defendant has been *convicted*. It is not sufficient if it merely recites that the defendant stands *charged* by indictment etc. Because of the defect in the recognizance it becomes necessary to dismiss the appeal and it is so ordered.

**2.—Same—Evidence—General Reputation—Of House, Inadmissible.**

Where on a trial for transporting intoxicating liquor, it was material error to permit the state to prove by several witnesses that the house where appellant lived bore the general reputation of being a place where intoxicating liquor was sold. Following McMullen v. State, 265 S. W. 582 and numerous other cases cited. The appeal having been reinstated on correction of the defective recognizance, is now reversed.

Appeal from the District Court of Armstrong County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for transportation of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Reeder & Reeder,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Defendant is under conviction for the unlawful transportation of intoxicating liquor with punishment fixed at confinement in the penitentiary for one year.

Defendant is enlarged pending appeal upon a recognizance which does not conform to the requirements of Article 903, C. C. P. By the terms of said article it is necessary that the recognizance or bond show that defendant has been *convicted.* The recognizance in the instant case only recites that the defendant stands *charged* by indictment with the unlawful transportation of spirituous, vinous, and malt liquors capable of producing intoxication.

Because of the defect in the recognizance it becomes necessary to dismiss the appeal and it is so ordered.

BERRY, JUDGE.—Appellant was convicted in the District Court of Armstrong County for the offense of transporting intoxicating liquor, and his punishment was assessed at confinement in the penitentiary for a term of one year.

By bills of exception 8, 9, 10, 11, 12 appellant complains at the action of the Court in permitting the witnesses Cammack, Fye, Braly, Mrs. Cammack, and Timmons to testify that the house where the appellant lived bore the general reputation of being a place where intoxicating liquor was kept for sale.

In the admission of this testimony the Court committed material error. It is not admissible in a case of this character to prove that the home of appellant bears the general reputation of being a place where intoxicating liquor is sold or kept for sale. McMullen

v. State, 265 S. W. 582; Gothard v. State, 252 S. W. 508, 94 Texas Criminal Appeals 538; Burns v. State, 94 Texas Criminal Appeals 533, 252 S. W. 509; Lovelady v. State, 95 Texas Criminal Appeals 571, 255 S. W. 415.

In the McMullen case, *supra,* this Court speaking through Judge Lattimore, held that where appellant was on trial for manufacturing liquor and put his reputation as a peaceable, law-abiding citizen in issue, the State had no right to prove that the accused had a general bad reputation for making liquor. The rule thus stated is also upheld in each of the other cases above cited.

In the case of Warren v. State, 247 S. W. 564, the appellant was charged with betting at a game played with cards in a private residence occupied by a family which was commonly resorted to for the purpose of gaming. The gambling was at Wiley Sherman's house. The testimony of numerous witnesses was admitted over appellant's repeated objection, and they testified that they knew the general reputation of Wiley Sherman's house to be one commonly resorted to for the purpose of gaming.'' In passing on that question in the Warren case, Judge Hawkins of this Court said: ''It will be observed that it is not charged against appellant that he gambled at a house ''reputed to be one commonly resorted to for the purpose of gaming'' (for such it not the statute), but it is alleged as a fact that such house was commonly resorted to for such purpose. This being the allegation it may be established as any other fact, by circumstantial as well as direct testimony but, if circumstantial evidence is resorted to the circumstances from which the inference is to be drawn must be proved as any other fact, and not by proof of general reputation.''

In this case, the appellant was charged with transporting intoxicating liquor, and this fact could be established by any legal testimony, whether direct or circumstantial, which in any manner tended to prove the allegation. But under the authority of the cases above cited this fact could not be proved by the admission of testimony to the effect that the house where appellant lived had the general reputation of being one where intoxicating liquor is kept for sale.

Because the Court erred in admitting the testimony complained of, it is our opinion that the judgment be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.