CLARENCE MOORE v. THE STATE.

No. 12306. Delivered February 27, 1929.

The opinion states the case.

*R. T. Jones* of Henderson, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is unlawfully transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The State's testimony is in substance as follows: The sheriff saw the appellant in an automobile. When he got out of the car there was a sack in his possession. After running about forty steps the appellant threw the sack against the ground and left it. Upon examining the sack the sheriff found it to contain some broken glass

and two fruit-jar tops. The jars smelled as though they had whiskey in them. The sheriff told the appellant to stop, and upon his failure to do so, fired his pistol. The sheriff said the only thing that made him believe the liquid was whisky was the odor; that it smelled like whisky, and that the sack had been burned. One of the officers testified that in one of the jars there was a tablespoonful of corn whisky; that he had not tasted it but had smelled it.

The appellant testified in his own behalf, and his version of the occurrence is in substance the following: While driving his automobile he saw a sack lying in the road. He stopped his car, got out, picked up a tow-sack and put it in the bottom of the car. He made no examination of the sack as he was blocking the road and a man in a car wanted to pass. This occurred about 200 yards from his destination, which was at a party which he expected to attend. Upon his arrival at the place where the party was to be held he parked his car and took out the sack. About that time some one fired and he dropped the sack. The bullet fired went through his clothes but only touched the surface of his skin. He did not know who fired the shot or why it was aimed at him. When he recognized the sheriff and told to halt, he stopped. He testified positively that he did not know that there was any whiskey in the sack; that he did not know it at the time of the trial and had never looked inside of the sack.

Several witnesses were introduced in behalf of the appellant who testified that they were acquainted with his general reputation for truth and veracity in the community where he lived; that he had resided in the same community for many years. He also introduced witnesses who supported his general reputation in the community as a peaceable, law-abiding man. In rebuttal the sheriff was recalled as a witness and was asked by the State's attorney "if the defendant didn't have the reputation of being a bootlegger." Objection was overruled and the witness replied that the appellant had the reputation of being a bootlegger of whiskey. Upon the appellant's request that the testimony mentioned be excluded or withdrawn, the court remained silent and ignored the request. Over the objection of the appellant the bill was qualified by the court having attached to the bill the transcribed notes of the stenographer. According to the bill as qualified, the question propounded was.

"State whether or not you at that time were acquainted with his reputation from hearsay, that is, from what other people said and not what you knew personally, as to whether or not he was a peace-

able, law-abiding citizen with reference to transporting and selling whisky?"

To this the witness gave an affirmative answer and stated that the reputation was bad. Touching the particular matter under discussion, the difference between the reply imputed to the witness by the stenographer and that in the bill of exceptions is immaterial. The fact that the appellant had put his reputation for truth and veracity and as a law-abiding citizen in evidence did not authorize the State to support its case by evidence that he bore the reputation of a bootlegger of whisky or that his reputation as a transporter of whisky was bad. Such an announcement has been made in a number of recent cases. Among them are McMullen v. State, 94 Tex. Crim. Rep. 229; Burns v. State, 94 Tex. Crim. Rep. 533; Gothard v. State, 94 Tex. Crim. Rep. 538; Lovelady v. State, 95 Tex. Crim. Rep. 571; Wilmering v. State, 100 Tex. Crim. Rep. 169. The evidence was improperly received. Its prejudicial character is obvious and must work a reversal of the judgment.

In view of another trial in which the evidence may not be the same, we refrain from expressing any opinion touching its sufficiency.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*