RAYMOND MITCHELL v. THE STATE.

No. 13456. Delivered October 8, 1930.
Reported in 32 S. W. (2d) 199.

The opinion states the case.

*T. R. Odell* and *Jeff A. Fowler* both of Throckmorton, for appellant.

*Clyde Grissom,* Dist. Atty. of Haskell, *J. Fred Wright,* Co. Atty. of Throckmorton, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for one year.

The indictment contained several counts, three of which were submitted in the charge of the court. In the order in which they were submitted in the charge of the court, these counts charged a sale of intoxicating liquor to Douglas Harrison; the possession of intoxicating liquor for the purpose of sale; and a sale of intoxicating liquor to Douglas Harrison and T. D. McFadden.

The only witnesses testifying were the alleged purchasers, Harrison testifying for the state, and McFadden for appellant. Harrison testified that he and McFadden took appellant in their automobile and drove about two miles into the country to a point where appellant told them to stop; that appellant got out of the car, stepped off to the side of the road and got some whisky out of the weeds; that he gave a dollar and a half to McFadden, who placed a dollar with it and handed it to appellant; that appellant delivered approximately a quart of whisky to them, saying that any time he had whisky they could get it from him; that he did not talk to appellant at all, but gave his money to McFadden, who made the arrangements with appellant.

McFadden testified, in behalf of appellant, in substance, that he was sick and asked appellant if he knew anybody that had any whisky; that appellant replied that he did not have any; that later appellant told him that he had a little whisky which he would let him have; that appellant did not want to charge him for the whisky; that he insisted upon him taking the money; that Harrison was with him at the time; that Harrison went with him when the whisky was delivered, and paid part of the money with which the whisky was bought; that he (McFadden) advised appellant that he was sick and needed some whisky.

The charge of the court advised the jury that appellant should be acquitted if the jury entertained a reasonable doubt that he sold the whisky to the purchasers named in the indictment for medicinal purposes. Touching the possession of the liquor, the jury were advised that appellant should be acquitted of the charge contained in the count charging possession if he possessed the liquor for medicinal purposes.

The testimony showed without controversy that appellant sold intoxicating liquor, as charged in the indictment. The question was: Did appellant sell the liquor for medicinal purposes? While McFadden was on the stand testifying in behalf of appellant, the district attorney propounded to him the following question:

"I will ask you if it isn't a fact that you have learned by serving on the grand jury of Throckmorton County, at the term before this defendant was indicted, by an investigation there made, that he was bootlegging and that is the reason you know you could get whisky from him."

Appellant timely and properly objected to the question. The court overruled the objection, and he answered:

"Well now that is the—I learned this, when I was on the grand jury, they figured on searching his and his brother-in-law's place for whisky. As to whether they did while I was on the grand jury well the day I was excused."

The effect of the testimony elicited by the district attorney was to place before the jury the statement of some person or persons appearing before the grand jury room that appellant was selling intoxicating liquor. While it may have been admissible for the purpose of rebutting appellant's defense that the sale was made for medicinal purposes, to prove that appellant had made other sales of intoxicating liquor at times not too remote, the hearsay statement that appellant was bootlegging could not be properly received for any purpose. Appellant was on trial for selling intoxicating liquor, and his reputation as a seller of whisky was not available to prove his guilt. Moore v. State, 14 S. W. (2d) 849; Downs v. State, 299 S. W. 648; Wilmering v. State, 272 S. W. 463; Lovelady v. State, 255 S. W. 415; Gothard v. State, 252 S. W. 508; Burns v. State, 252 S. W. 508; McMullen v. State, 265 S. W. 582. The inadmissible testimony impinged upon appellant's defense. Hence the fact that the minimum penalty was imposed would not render its reception harmless.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.