Buss Wall v. The State.

No. 13794. Delivered December 17, 1930.
Rehearing Granted April 1, 1931.

The opinion states the case.

*L. D. Hartwell,* of Greenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, two years in the penitentiary.

There are five bills of exception in the record. In each of same certain testimony is set out as having been admitted over objection, and the objection made is also stated. No facts are certified in any of said bills from which this court might ascertain whether the objection made was good or not. Such bills are of no avail. The rules are plain and have been referred to in hundreds of cases. The bill in and of itself must manifest that the objection is well taken, that is, there must be stated facts, surroundings and circumstances from which this court may see that error was committed in the introduction or rejection of testimony. The State's testimony shows a sale by appellant of whisky for which he received payment. The facts controverting the State's case were before the jury, and the law of the case was submitted in a manner apparently acceptable to appellant.

The facts being sufficient to make out a case against appellant, and no error appearing, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State's witnesses made out a case of the sale of whisky. L. A. Wall, the father of appellant, testified to an alibi for him, claiming that appellant was at the time of the alleged sale sick in bed with the "flu."

Bills of exception Nos. 1, 2, 3 and 5 complain of the State's cross-examination of the witness in some particulars. We think bill of exception No. 5 presents error. A discussion of the other bills is pretermitted.

Bill of exception No. 5 shows that while L. A. Wall was being cross-examined and after he had testified that appellant had worked some in different places at such work as he could get he was then asked by State's counsel the following question. "You know he had the reputation of being a bootlegger didn't you?" The bill recites that appellant's objection to the question was sustained by the court and the jury instructed not to consider the question nor the answer of the witness. The answer of the witness, if any, is not set out in the bill. That the State had no right to make any such proof as the question was intended to elicit is definitely decided in Burns v. State, 94 Texas Crim. Rep., 533, 252 S. W., 508; Gothard v. State, 94 Texas Crim. Rep., 538, 252 S. W., 508; Wilmering v. State, 100 Texas Crim. Rep., 169, 272 S. W., 463;

McMullen v. State, 98 Texas Crim. Rep., 229, 265 S. W., 583; Lovelady v. State, 95 Texas Crim. Rep., 571, 255 S. W., 415; Mitchell v. State, 116 Texas Crim. Rep., 249, 32 S. W. (2d) 199. Even if appellant had put in issue his general reputation for truth and veracity, or as a law-abiding citizen, it would not authorize the State to prove, or attempt to make proof, that he bore the reputaton of a bootlegger. It was especially so held in Burns' case, supra. The bill of exception not reciting the answer of the witness, if any was given, it then becomes necessary to determine what the effect of the question was, even though the court promptly sustained objection to it and directed the jury not to consider it. Even if the question was unanswered it is extremely doubtful if the evil effect of the question itself could be relieved against although the court acted promptly and did all he could by directing the jury not to consider the improper question. The writer had occasion to express himself in the following language in Childress v. State, 92 Texas Crim. Rep., 215, 241 S. W., 1029, where accused had not put his reputation in issue and the State was attempting to do so: "We frequently decline to reverse cases where improper questions were asked and objections were promptly sustained; but we can scarcely conceive a question which in and of itself could be more hurtful to an accused than one calling for an answer which would put in issue his general reputation. It places him in the unfortunate attitude of having to let the question pass unchallenged, thereby permitting the State to do what it plainly has no right to do, or of objecting thereto in the presence of the jury, leaving the very natural impression upon them that he feared an answer which would have been detrimental to him."

In the present case, even though appellant may have put his general reputaton in issue as to truth and veracity, or as a law-abiding citizen, (which it is discoverable from the record he did not do) the State had no right to ask the question it did, and any kind of an objection would reach it. Appellant was put in the embarrassing attitude suggested in the quotation from the opinion in the Childress case. See also Harrison v. State, 102 Texas Crim. Rep., 385, 278 S. W., 430; Farar v. State, 112 Texas Crim. Rep., 199, 15 S. W. (2d) 1050; Day v. State, 117 Texas Crim. Rep., 173, 34 S. W. (2d) 871; Coon v. State, 117 Texas Crim. Rep., 158, 35 S. W. (2d) 419. In all of the cases referred to questions arose very similar to the one discussed in the present case. In Farar's case, supra, the principle is discussed at some length by both Presiding Judge Morrow and Judge Lattimore, and in Coon's case by Judge Lattimore, who said, "We cannot gauge the evil effect upon the jury of such improper question."

In the present case punishment was assessed at more than the minimum. As was said in the Harrison case, supra, with reference to an argument, it is impossible for us to know to what extent the improper

question contributed to this result. We can not say from the record that it did not contribute to it.

The motior for rehearing should be granted, the judgment of affirmance set aside and the judgment of the trial court reversed and the cause remanded, and it is so ordered.

*Granted.*