W. T. Smith v. The State.

No. 14227. Delivered May 20, 1931.
Rehearing Denied November 13, 1931.

The opinion states the case.

*Baker & Baker,* of Coleman, and *Baker & Parish,* of Ballinger, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

State witness Sam Brown testified that he purchased from appellant on the occasion in question certain intoxicating liquor. Appellant introduced witnesses to prove that his reputation was good. He did not take the stand. One of appellant's witnesses testified on cross-examination that he was present on the occasion involved, and partook of the beer sold by appellant and that it was intoxicating.

334

We perceive no error in permitting the state on cross-examination of one of appellant's witnesses, by whom he sought to establish his good reputation as a law-abiding citizen, to ask him if he knew whether appellant was engaged in the selling of liquor in October, 1930, the charge against appellant being possession of intoxicating liquor in October, 1930. Witness answered the question in the negative. Nor do we see any error in allowing the state upon cross-examination of appellant's witness Douglas, who said he was superintendent of a cotton oil company at Ballinger, to elicit from said witness that defendant worked around the mill as a hired hand at ordinary jobs. We fail to see any injury possible from such proof.

Appellant sought to prove by the purchaser of the alleged intoxicating liquor that the beer he purchased from appellant had the same effect as the near-beer sold over fountains. Such a hypothetical question as this would shed no legitimate light upon whether the liquor sold was intoxicating. The fountains referred to in the question might have reference to places where liquor was illegally sold. We do not believe testimony like this admissible to aid the jury in determining whether the liquor sold was intoxicating. The testimony of the appellant's witness as well as that of the state established that fact.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Bill of exception No. 2 shows that appellant's witness Bogess had testified to the good reputation of appellant as a law-abiding citizen. On cross-examination he was asked by counsel for the state if he knew whether appellant was selling liquor in October, 1930. It is insisted that the question was erroneous as permitting an inquiry regarding witness' personal knowledge rather than what he had heard, as bearing on appellant's reputation, and it is claimed that the holding in our original opinion is in conflict with Goss v. State, 104 Texas Crim. Rep., 456, 284 S. W., 578; Prater v. State, 104 Texas Crim. Rep., 669, 284 S. W., 965; Moore v. State, 111 Texas Crim. Rep., 435, 14 S. W. (2d) 849.

If the inquiry on cross-examination of the witness Bogess had been pertinent only to the general reputation of appellant it would be difficult to distinguish the holding in the cases referred to from the question presented by this bill. However, it must be borne in mind that appellant was charged with possessing intoxicating liquor for the purpose of sale on the 2nd day of October, 1930, the indictment having been returned on the 23rd day of that month. It was certainly pertinent to the state's case to prove, if it could, that during the month of October and prior to the filing of the indictment, appellant was engaged in selling intoxicating

liquor. If the state could prove this by the witness Bogess it would have had a right to do so in the original development of its case. The fact that the witness had on direct examination testified only to the general reputation of appellant as a law-abiding citizen would not prevent an inquiry on cross-examination as to whether the witness knew if appellant was engaged in selling intoxicating liquor during the time covered by the indictment.

Bill of exception No. 4 reflects that state's witness Sam Brown had testified that he purchased from appellant a liquor known as home-brew, and that it was intoxicating. On cross-examination appellant sought to have this witness testify that the liquor he purchased from appellant had the same effect as what is called "near beer" that is sold over fountains. Appellant complains that we were in error in sustaining the court's action in rejecting the proposed testimony. There is no evidence in the record that "near beer" sold over fountains was the same character of liquor as that purchased from appellant; the comparative effect of the two liquors under such circumstances, we think, would not be legitimate testimony to go to the jury. A similar question was discussed in Nolen v. State, 98 Texas Crim. Rep., 399, 266 S. W., 151. In that case the state was permitted to show the intoxicating character of the liquor in question by a comparison with other liquor. Such proof was held incompetent and the judgment was reversed. In the present case the defendant was seeking to benefit by the presumed non-intoxicating character of a comparative liquor. Upon reconsideration of the matter we are still of opinion that under the facts before us the action of the court was not erroneous.

In our original opinion we stated that the testimony of appellant's witness, as well as the state's, showed the liquor in controversy was intoxicating. The correctness of this statement is challenged in appellant's motion for rehearing. Appellant placed Texas Brown on the witness stand, evidently for the purpose of showing that he was not a joint purchaser of the liquor, as was alleged in one count of the indictment. Upon cross-examination of Texas Brown the character of the liquor was inquired into. His testimony regarding it is as follows:

"I drank one bottle of it. It was intoxicating. I felt the effects of it. * * * What I drank intoxicated me. It made me a little light-headed. It did not make me drunk, but I could feel the effects of it. I told you and Mr. Parrish out there that it made me feel a little feverish; that is what I meant to say to the jury when I said it intoxicated me."

We are still inclined to think the testimony justified the conclusion, the correctness of which is questioned.

The instruction to the jury seems not subject to the criticism that as framed it was confusing. There appears no necessity for giving the

336

special charges. The issues had already been covered in the main charge. The motion for rehearing is overruled.

*Overruled.*