### BOB LONG v. THE STATE.

No. 14402. Delivered November 4, 1931.
Rehearing Denied December 9, 1931.

The opinion states the case.

*A. A. Dawson,* of Canton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being one year in the penitentiary.

Under authority of a search warrant officers searched appellant's residence and premises. In the house they found no whisky, but a strong odor of it was detected in the kitchen and dining room. In the smokehouse some twenty feet from the residence they found a five gallon keg with a little more than two gallons of whisky in it. They also found in the smokehouse fourteen empty pint bottles, and a small rubber syphon hose or tube. In a woods pasture north of the residence, and at distances from it varying from 250 to 400 yards the officers found three different places where corn chops had been poured out and had practically rotted; places where something had been sunk in the ground, and some old tow sacks. The places in the ground were holes, large enough to hold about two fifty gallon barrels; there were signs of where barrels had been in the holes; at the last place mentioned was found a top to a barrel and a keg. There were signs of where a fire had been at each of those places where chops were found.

Appellant did not testify. No evidence was introduced from any

source undertaking to explain the purpose for which the whisky was possessed. The only testimony offered by appellant at all was for the purpose of showing that residences of other people were as near or nearer to the things found in the pasture as was appellant's house; and by one witness that the keg found by the officers in the pasture was put there by the witness.

Appellant's bills of exception 2 and 3 bring forward complaint at the reception in evidence from the officers of what they found in the pasture, one objection being that there was no testimony connecting appellant in any way with those things save the circumstance of the proximity of his house, and another objection being that it was evidence of extraneous offenses, and no connection shown between them and appellant. Under the facts it was relevant upon the issue of intent with which the appellant possessed the whisky for the state to show, if it could, that he was engaged in the manufacture of it. It would be a circumstance tending to prove that he had the whisky for the purpose of sale. See Ferguson v. State, 96 Texas Crim. Rep., 53, 255 S. W., 749; Webb. v. State, 100 Texas Crim. Rep., 193, 272 S. W., 461. The fact that it may have shown another offense would not be cause to exclude evidence of it if it was admissible under an exception to the general rule excluding proof of extraneous crimes. See section 166, Branch's Ann. Tex. P. C.

The objection that there was no testimony connecting appellant with the things found in the pasture further than the proximity of his house thereto went to the weight of the testimony rather than to its admissibility.

Bill of exception No. 1 presents an occurrence that ought not to have happened. After appellant's witness Kennedy testified to the relative distance between appellant's house and those of other parties to the place where the things were found in the pasture; he admitted that he was on appellant's bond, and that he had known him for about twenty-five years; at this point the county attorney asked the witness if he had not "heard that appellant was bootlegging around down there." The court promptly sustained an objection and directed the jury not to consider the question. To assume that under the circumstances of this case counsel did not know such question was improper would be to attribute to him a lack of knowledge of the law, which we have no disposition to do. On the contrary, we think his zeal led him astray. A reprimand for asking the question would not have been out of place. It appears to present a situation like that disclosed in Childress v. State, 92 Texas Crim. Rep., 215, 241 S. W., 1029. What was said by the court in the opinion in that case has application here. The question put appellant in the unenviable attitude of remaining silent and permitting the state to prove, if it could, something it had no right to prove, or by interposing objection, leave an unfavorable impression upon the jury. See also Wall v. State,

117 Texas Crim. Rep., 327, 37 S. W. (2d) 750, and authorities therein collated.

If there had been an issue drawn by the evidence as to the possession by appellant of the whisky for an innocent purpose, or if he had received punishment above the minimum this court would unhesitatingly have reversed the judgment because of the error shown by bill of exception No. 1. However, no issue was made in the evidence of the purpose for which appellant possessed the whisky. Article 671, P. C., makes proof of the possession of more than a quart of intoxicating liquor prima facie evidence of guilt. Appellant introduced no evidence showing the legality of such possession. Under the circumstances the jury could do nothing less than find appellant guilty, and having assessed the lowest punishment, we feel unauthorized to reverse, notwithstanding the error pointed out.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have again carefully examined the evidence, which appellant urges to be insufficient, but are unable to agree with him. There is not a particle of dispute of the fact that the officers found two and one-half gallons of whisky in appellant's smokehouse. The law itself makes possession of this quantity of whisky prima facie evidence of the fact that he had it for purposes of sale. He was given the lowest penalty.

The motion for rehearing will be overruled.

*Overruled.*