## L. A. VANCE v. THE STATE.

No. 14400.   Relivered December 16, 1931.
Rehearing Denied February 3, 1932.

The opinion states the case.

*George O. Hines* and *Webb & Webb,* all of Sherman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

The case on its facts exhibits a not unusual situation. Appellant was observed by officers upon a lane which entered a public highway. Upon observing the officers he backed his car rapidly until it ran into a ditch. While backing it he was seen to be breaking something in the car with a hammer. Seven broken half gallon jars of whisky were found in a carton in the car. The bottom of the car was swimming in whisky. The officers found four other half gallon jars full of whisky between the point where appellant first saw them and the point where he ran in the ditch. Appellant took the stand and testified that he found the carton of whisky in some weeds near the road, and not knowing it was whisky

but thinking it was, he put it in his car, and when he saw the officers, whom he called the "law", he became so excited that he did not know what he was doing for the next few minutes. The evidence of his possession and transportation of intoxicating liquor was so overwhelming and plain that it was impossible for the jury to have arrived at any other conclusion than that of his guilt.

Five bills of exception are in the record. Two complain of questions asked by the prosecuting attorney, and two complain of arguments made by him, and the other complains of the refusal of an instructed verdict. It would not add to this opinion to set out the questions asked by the state's attorney and objected to, which objections in most instances were sustained, and the prosecuting attorney told by the court that the questions were illegal and improper. The asking of questions which are clearly improper in their form, and might be prejudicial, is a practice much to be deplored, and if this jury had evidenced that they might have been prejudiced or their minds inflamed, by giving this appellant anything more than the minimum penalty allowed by law, we would unhesitatingly reverse this case because of the improper questions referred to. It is difficult for this court to understand how counsel for the state, however zealous and earnest he may be, or however flagrant the case on trial may appear to be, can so far forget himself as to ask, in the presence of the jury, a question for instance such as this: "You have transported more whisky in this county in the last two years than any living man, haven't you?" The court sustained the objection and told the jury not to consider the question. What we have just said applies to most of the statements set out in the two bills complaining of the argument. It is certified that in his opening argument the county attorney stated that the defendant was a notorious bootlegger, and that the court said to the jury: "Gentlemen of the Jury, you will not consider that remark of the county attorney. It is not in evidence," and that the court further told the jury they would have to try the case according to the evidence before them, and not according to the county attorney; that the county attorney's remarks regarding appellant being a bootlegger and a notorious bootlegger were improper in that there was no evidence that he had sold liquor at any time or place. The attorneys for the state should be mindful of the time and expense involved in the reversal and retrial of criminal cases, and should not jeopardize the sustaining of verdicts of guilty by argument or questions manifestly improper. Especially is this true in a case which upon its facts appeared to so overwhelmingly demonstrate the guilt of the accused.

The jury having given appellant the lowest penalty, and the facts being without serious contradiction, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

MORROW, Presiding Judge.—In the light of the motion for rehearing, the record has been re-examined.

In bill of exception No. 1 complaint is made of the questions asked the appellant on cross-examination. The direct examination of the appellant does not appear in the bill, either in substance or in detail. The following questions were asked:

"You are the one that operated the 'Wink' down there, aren't you?"

"Well, when your brother was operating this down there, you brought whisky down here all the time, didn't you?"

"While your brother was living out here in College Park, you stored sixty half gallons out there, didn't you?"

"You just had it to store there, didn't you?"

"You didn't have any? What did you answer me you didn't have it for sale for?"

"You have transported more whisky in this county in the last two years than any living man, haven't you?"

As to each of the questions the court promptly sustained the objection and instructed the jury to disregard them.

In the bill it appears that the county attorney, in his opening remarks, referred to the appellant as a "notorious bootlegger". The court instructed the jury as follows: "Gentlemen of the Jury: You will not consider that remark of the County Attorney. It is not in evidence."

And further: "You will have to try the case according to the evidence before you, and not according to the County Attorney. Now, his remarks regarding the man being a 'bootlegger' and a 'notorious bootlegger', that is not in evidence. There is no evidence that he ever sold liquor at any time or any place. So you will disregard that remark."

In his concluding remarks, the county attorney disclaimed calling the appellant a "notorious bootlegger", but said that his remarks in substance were that notorious bootleggers had no respect for the law and that the appellant was preparing to conduct his "dirty business" at Sherman. Touching the latter remarks, the court declined to sustain the exception. In view of the fact that there is no explanatory statement showing the direct examination of the appellant, this court is unable to say that the cross-examination was improper. At all events, it was sustained by the court, and as presented in the bill, no reversible error is shown. The remark that the appellant was a "bootlegger" is one that has been condemned by this court and ought not to be made. Under some circumstances it has required a reversal of the judgment of conviction. See Lovelady v. State, 95 Texas Crim. Rep., 571, 255 S. W., 415; Moore v. State, 111 Texas Crim. Rep., 435, 14 S. W. (2d) 849; Wall v. State, 117 Texas Crim. Rep., 327, 37 S. W. (2d) 750; Weatherspoon v. State, 111 Texas Crim. Rep., 473, 14 S. W. (2d) 1038. Under the present

record and the treatment of the subject, we are unable to conclude that the procedure justifies a reversal of the judgment.

From the appellant's testimony the following in substance appears: While driving his automobile he observed a box sitting beside the road. There was something shining in it. He got out and examined it. He saw that it contained "something that looked like liquor and thought it was liquor." He picked it up and looked at the jars and then took the box and placed it in his car. He then went back around to the other side of the car and started to get in it, when the officers appeared. He said: "It excited me, so I jumped in my car and I don't know what I did for a few minutes then. After the excitement was over, Mr. Holcomb started up the road to look for some more whisky. The hammer was in the box. That hammer looks like the hammer I had in the car. * * * I did not know whether that was liquor or not. I thought it was. I did not know at that time who is belonged to, and do not know now. I did have it in my car. * * * Well, I judge I backed my car about a hundred yards, something like that, or a hundred feet, from the time I saw the two officers until I run into the ditch. I hadn't made up my mind what I was going to do with the whisky. I did not have time to think about what I was going to do with it before I saw the officers. I was not going to sell it. I did not have intention of selling it. * * * At the time I had it in my car I moved out down the public road about a hundred yards. * * * I broke it because I was excited, and didn't know what to do on account of these officers."

The substance of the testimony of the officers appears in the original opinion.

There was no request that the jury be called upon to determine the appellant's knowledge of the character of the liquor in his possession. Apparently no such issue was raised by the evidence. The appellant's own testimony seems to negative such suggestion.

The other bills of exception in the record refer to remarks of the county attorney in addressing the jury and to questions propounded to the appellant. None of such bills present any question which requires discussion.

On the whole case, a verdict with a minimum penalty was rendered. Counsel argues that the appellant's testimony, if true, shows that he was guiltless. The contrary is the view of this court. Admittedly, he was in the act of transporting whisky, and did transport it. His conduct in breaking the containers indicated guilty knowledge. Whether the whisky belonged to someone else or whether he was the owner of it would have no bearing upon the question of his guilt. In a legal sense, he would be quite as culpable if he transported the whisky for someone else as though it were his own. The law denounces the act of transporting, and the appellant's culpability is undisputed. There is no suggestion that the

transportation was for a lawful purpose.

The motion for rehearing is overruled.

*Overruled.*