ROSALIO PENA AND JOSE CASILLAS V. THE STATE.

No. 16185.   Delivered January 24, 1934.
Reported in 67 S. W. (2d) 611.

The opinion states the case.

*Polk Hornaday,* of Harlingen, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of marihuana. The penalty assessed against appellant Rosalio Pena was two years confinement in the penitentiary and that against Jose Casillas was five years confinement in the penitentiary.

Appellants were traveling toward Harlingen in an automobile, having come from Matamoras, Mexico, when they were met by an inspector of United States Customs Service. With the consent of appellants, the officer searched the automobile and found approximately four pounds of marihuana under the car seat. The affirmative defense of appellants was raised in the testimony of appellant Rosalio Pena. He testified that he and Casillas had parked their car in Matamoras and gone to a store; that there was no marihuana in the car at the time; and that they did not know that the marihuana discovered by the officers was in the car; that he and Casillas did not tell anyone to place it in the car.

It is shown in bill of exception No. 3 that the searching officer testified that he knew that appellant Casillas was a smuggler. His testimony was not responsive to any question that had been asked him by the district attorney. Upon appellant's objection the court withdrew the statement from the consideration of the jury. Appellants contend that the statement of the officer was obviously prejudicial. We think appellants' contention should be sustained. The general reputation of appellant Casillas had not been placed in issue, and if it had, it would not have authorized the state to prove that appellant Casillas was a smuggler. In view of the association of appellant Rosalio Pena with Casillas upon the occasion of the search the testimony in question would appear hurtful to him as well as to Casillas. In Coon v. State, 35 S. W. (2d) 419, it appears that the district attorney asked Coon on cross-examination if he did not have the reputation of being the best whisky maker in San Augustine county. He was on trial for possessing equipment for manufacturing liquor. He objected to the question, and the court sustained the objection. This court, in an opinion by Judge Lattimore, reversed the judgment of conviction, saying that the question was obviously improper and hurtful, and further that this court was unable to gauge the evil effect upon the jury of such improper question. In that case, as in the present case, the minimum penalty was not assessed. In Wall v. State, 37 S. W. (2d) 750, the accused was on trial for

selling intoxicating liquor. Upon being cross-examined by the district attorney, a witness for the accused was asked: "You know he (appellant) has the reputation of being a bootlegger, don't you?" The objection was sustained and the jury instructed not to consider the question. This court reversed the judgment of conviction, and, among other cases, cited Coon v. State, supra. We quote the language of Judge Hawkins in the opinion: "Even if the question was unanswered, it is extremely doubtful if the evil effect of the question itself could be relieved against, although the court acted promptly and did all he could by directing the jury not to consider the improper question." In the present case the appellants, who were Mexicans, were traveling from Matamoras, Mexico, to Harlingen. The statement of the customs inspector that he knew Casillas to be a smuggler must have impressed the jury with the view that he and his associate Pena were undesirable characters. The penalty of five years assessed against Casillas and two against Pena might have resulted from the improper information the witness conveyed to the jury. The car used by appellants belonged to Pena. We see nothing in the record showing more guilt of Casillas than Pena, yet for some reason the jury gave Casillas five years and Pena only two. The heavy penalty may easily have resulted from the hurtful statement of the customs inspector. It is observed that for the first offense of possessing marihuana the penalty is a fine not exceeding two thousand dollars, or imprisonment in the state penitentiary for not more than five years, or by both such fine and imprisonment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.