CHARLEY THOMPSON V. THE STATE.

No. 16345.   Delivered January 31, 1934.
Reported in 68 S. W. (2d) 191.

The opinion states the case.

*Stinson, Hair, Brooks & Duke,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful sale of intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

F. R. Stovall, the alleged purchaser, definitely declared that about the 11th day of February, 1933, he purchased from the appellant a pint of whisky for which he paid him one dollar. The testimony of Stovall, if true, leaves no question but what the article was whisky and that payment for the purchase was made.   Appellant testified in his own behalf and denied the truth of Stovall's testimony.   He said that he never sold Stovall a drop of whisky at any time.   Stovall's testimony was to the effect that the purchase was made at or near a certain hotel in the town of Hamlin.   Appellant claimed that he was not at Hamlin on the 11th of February but was there on the 12th.   It appears from the appellant's witness, Mrs. Nolan (who seems to have had charge of the hotel) that both appellant and the witness Stovall were at or about the hotel at the same time; that Stovall was troublesome to her and that she requested the appellant to remove him from the house.

The general reputation of Stovall for truth and veracity in the neighborhood in which he lived was claimed by many witnesses to be bad, and by some witnesses to be good. There was evidence that the appellant bore the reputation of a bootlegger. This declaration came from many witnesses. A recital of the testimony pro and con in detail is deemed unnecessary. Suffice it to say that the evidence was conflicting. The verdict of the jury indicates that the testimony introduced on behalf of the state, if believed, was at least to the extent that the unlawful sale in question had been made by the appellant. The evidence presented a question for the jury and their decision is binding upon this court.

It appears from the record that there were presented to the trial judge and approved by him four bills of exception. In each instance the bill challenged the correctness of the court's ruling upon the reception and rejection of evidence. Several of the bills detail the testimony in question and answer form, and in that condition this court is not authorized to consider them for the reason that they are prepared in a manner prohibited by statute. See article 760, C. C. P., 1925, also Acts of the 42nd Legislature, 1st Called Session, chap. 34, p. 75. According to the bills of exception, the testimony introduced related to the application for a suspended sentence. This court has, on several occasions, expressed the opinion that testimony that the accused bore the reputation of a bootlegger was inadmissible. Objection to such testimony is preserved by proper bill of exception. Among the cases are the following: Weatherspoon v. State, 14 S. W. (2d) 1038; Wall v. State, 37 S. W. (2d) 750; Lovelady v. State, 95 Texas Crim. Rep., 571; Moore v. State, 111 Texas Crim. Rep., 435; Skelton v. State, 106 Texas Crim. Rep., 90; Matthews v. State, 5 S. W. (2d) 994.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*