## W. W. (BULLY) McMULLEN v. THE STATE.

### No. 8137. Decided October 22, 1924.

No motion for new trial filed.

**Manufacturing Intoxicating Liquor—Evidence—of Other Offenses—Not Admissible.**

Where accused puts in issue, his general reputation as a peaceable lawabiding citizen, the state is not authorized to assail such proof by showing that appellant had a bad reputation as a bootlegger, or maker and seller of whisky, nor do we think that the state can ever prove by other witnesses, than those who testify as to his good reputation, that his reputation is bad for doing the very thing involved in the charge against him on the trial, in the instant case, the making of intoxicating liquor.

Appeal from the District Court of Navarro County. Tried below before the Hon. Hawkins Scarborough, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, one year's confinement in the State penitentiary.

*Calicutt & Johnson,* and *Fred Upchurch,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Navarro County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

There is a complaint of misconduct of the jury and also one of a refusal on the part of the trial court to permit witnesses to testify for the appellant, because they had been in the court room, the rule having been invoked. We will not discuss these propositions in as much as they are not likely to arise upon another trial of the case.

Appellant introduced testimony to show his good reputation as a peaceable, law-abiding citizen. The State cross-examined his witnesses on this point and asked them if they did not know or had not heard that appellant was a bootlegger. Each of them answered in the negative. Thereupon and over objection the State put on the stand in its rebuttal, witnesses who testified that appellant had a bad reputation as a bootlegger, i. e., as a maker and seller of whisky, as said by witness Morgan,—and as said by witness Strain: "The general talk in the community is that he made and sold whisky." One witness said appellant was "A noted bootlegger," We have never undertaken to define the term "bootlegger," though in other jurisdictions it has been said that he is one who commonly sells or peddles intoxicating liquor, and such we think to be the generally accepted understanding of the term. In our opinion the State went beyond its rights in introducing such testimony as that above referred to. The accused by putting in issue his general reputation as a peaceable, law-abiding citizen, opened the way for the State in legitimate cross-examination of the witnesses who so testified, to ask as to their knowledge of their having heard of appellant's connection with specific instances of crime which statements, if made by them, would have weakened the force of their testimony that his reputation was good. The State has no right, independent of the question of the knowledge of such witnesses, to prove that appellant has been guilty of specific crimes for the purpose of overcoming the force of the defensive testimony of good reputation. Nor do we think the State can ever prove by other witnesses that the accused has a general bad reputation for doing the very thing involved in the charge against him on the trial, in the instant case, the making of intoxicating liquor. This might not be true if the accused had opened up the question of his reputation for making such liquor. Gothard v. State, 252 S. W. Rep., 508; Burns v. State, Id., 509; Lovelady v. State, 255 S. W. Rep., 415. This complaint was evidenced by several bills of exception which are qualified by the court by saying that if there was anything wrong it was cured by special charge No. 8 given. We regret our inability to agree. Special charge No. 8 merely restricted the jury's consideration of testimony as to reputation, to what occurred before the date of the offense charged.

The case is one of circumstantial evidence and of conflicting testimony and we are not able to say that the admission of the wrongful testimony above discussed, was not materially hurtful to the accused.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*