## BENSON v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 21, 1925.)

### No. 4611.

1. **Customs duties** ⬅134—**Inferred that cognac was obtained when contract had been made for it.**

From fact that companion of accused contracted and paid accused for cognac, it might be inferred that what he got from accused pursuant to such contract was cognac.

2. **Criminal law** ⬅304(20)—**Judicial notice may be taken that "cognac" is brandy, being distilled liquor with more than one-half of 1 per cent. alcohol.**

It is matter of common knowledge, of which judicial notice may be taken, that "cognac" is a brandy, being a distilled liquor containing more than one-half of 1 per centum of alcohol.

3. **Customs duties** ⬅134—**Evidence held sufficient to prove that liquor was distilled spirits containing more than one-half of 1 per cent. alcohol.**

Evidence *held* sufficient to prove that liquor was distilled spirits containing more than one-half of 1 per cent. alcohol.

4. **Criminal law** ⬅304(6)—**Judicial notice taken of location of town of Tornillo, Tex.**

Court takes judicial notice of fact that town of Tornillo, Tex., is adjacent to Rio Grande

river, where stream is boundary between United States and Mexico.

**5. Customs duties ⬯134—Circumstances deposed to held to support finding that liquor was imported in to the United States from Mexico.**

Circumstances deposed to *held* to support finding that liquor was imported into United States from Mexico.

**6. Customs duties ⬯134—Evidence held to tend to prove unlawful concealment, and facilitating transportation and concealment, after importation of intoxicating liquors.**

Under evidence tending to prove unlawful concealing and facilitating concealment after importation of intoxicating liquor, which had been imported without a permit, as required by schedule 8 of Tariff Act of 1922, section 1, pars. 802, 813 (Comp. St. Supp. 1925, § 5841a), and section 593 (sections 5841h12, 5841h13), directed verdict for accused was properly refused.

In Error to the District Court of the United States for the Western District of Texas; Charles A. Boynton, Judge.

Marshall Taylor Benson was convicted of unlawfully concealing and facilitating transportation and concealment after importation of intoxicating liquor, and he brings error. Affirmed.

E. B. Elfers, of El Paso, Tex. (Paul D. Thomas and Fred Bryant, both of El Paso, Tex., on the brief), for plaintiff in error.

N. J. Morrison, Asst. U. S. Atty., of El Paso, Tex. (John D. Hartman, U. S. Atty., and H. R. Gamble, Asst. U. S. Atty., both of El Paso, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The plaintiff in error, M. T. Benson, was convicted under a count of the indictment charging that he and two other named persons unlawfully concealed and facilitated the transportation and concealment, after importation, of 41 quarts of distilled spirits containing more than one-half of 1 per centum of alcohol which had been imported into the United States from Mexico without a permit having been issued therefor, as required by schedule 8 of the Tariff Act of 1922. 42 Stat. p. 897, § 1, par. 802; 42 Stat. 898, par. 813 (Comp. St. Supp. 1925, § 5841a); 42 Stat. p. 982, section 593 (Comp. St. Supp. 1925, §§ 5841h12, 5841h13). The court refused a request that a verdict in favor of Benson be instructed.

In behalf of Benson it was contended that the requested instruction should have been given because of the absence of evidence tending to prove that the liquor testified about was distilled spirits containing more than one-half of 1 per centum of alcohol, and that such liquor had been imported from Mexico. There was testimony to the following effect:

While one Dupreast was visiting at Tornillo, Tex., he went with Benson down to the river, which is about half a mile or three-quarters of a mile from Benson's farm, which is about a quarter of a mile below Tornillo. When they started down to the river, Benson asked Dupreast if he had ever been in Mexico, or if he had ever been on the border before. After they got to the river, Benson spoke of liquor being crossed over on this side all the time, suggested that when Dupreast was ready to go back home he could take some liquor with him, and said he thought he knew where he could get a man to take it down below Sierra Blanca, where the last customs officer was. A few days thereafter Dupreast contracted with Benson for 48 quarts of cognac which Benson said he was going to get over in Mexico. Benson arranged with one Garrett to haul the liquor from the river to Sierra Blanca. Benson and Garrett went together down to the river. They found there a Mexican with a load of liquor in a sack. The Mexican went back across the river, and returned with another sack containing liquor. Benson handed the Mexican some money. The liquor was by Benson and Garrett put in the latter's car and was carried to Benson's house. When Garrett's car got to Benson's house, Benson stated to Dupreast, who had already paid Benson $122 for the liquor, that all the liquor was there. Thereupon Dupreast opened a bottle of the liquor, from which Benson took a drink. Then Garrett carried the liquor in his car to Sierra Blanca, and the liquor was transferred to Dupreast's car after they passed Sierra Blanca. Thereafter Dupreast was arrested, when he had the liquor in his car.

[1-3] From the fact that Dupreast contracted and paid for cognac, it might be inferred that what he got from Benson pursuant to such contract was cognac. Lewinsohn v. United States (C. C. A.) 278 F. 421, 426; 33 Corpus Juris, 743. It is a matter of common knowledge, of which judicial notice may be taken, that cognac is a brandy, being a distilled liquor containing more than one-half of 1 per centum of alcohol. Albert v. United States (C. C. A.) 281 F. 511; Singer v. United States (C. C. A.) 278 F. 417. We do not think there was any lack of evidence tending to prove that the liquor testified about was

distilled spirits containing more than one-half of 1 per centum of alcohol.

[4, 5] The court takes judicial notice of the fact that the town of Tornillo, Tex., is adjacent to the Rio Grande river, where that stream is the boundary between the United States and Mexico. Circumstances deposed to furnished support for a finding that the liquor testified about was imported into the United States from Mexico.

[6] We think that evidence adduced tended to prove the allegations of the count on which Benson was convicted, and that the above-mentioned ruling was not erroneous.

No error appearing in the record, the judgment is affirmed.