DAVE SIMMONS V. THE STATE.

No. 16005. Delivered May 31, 1933.
Reported in 61 S. W. (2d) 121.

The opinion states the case.

*A. B. Geppert* and *Ellen Victery,* both of Teague, and *H. L. Williford,* of Fairfield, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is manufacturing intoxicating liquor; the punishment, confinement in the penitentiary for one year.

After secreting themselves near a still, officers saw three men in the act of manufacturing intoxicating liquor. While these men were engaged in putting mash in the boiler appellant rode up on a horse. The officers' testimony was to the effect that appellant asked the men at the still if they had gotten everything ready. Further, they testified that appellant said: "I have got this stuff sold and it will not be ready. If you do not like your job, I will hire some boys to run this thing." The officers said they saw appellant pour some mash into the boiler. Appellant finally left the still with the statement that he would be back in a little while. The three men remaining at the still were arrested.

Testifying in his own behalf, appellant admitted his presence at the still, but declared that he had gone there for a drink of whisky. He denied that he had any interest in the still, saying that he had in no manner aided the parties in manufacturing intoxicating liquor.

Several witnesses testified that appellant's general reputation as a peaceable and law-abiding citizen was good. It is shown in bill of exception No. 1 that after the witness Bob Holloway had testified that the general reputation of appellant in the respect mentioned was good, he was asked the following question by the district attorney: "What was Dave Simmons' general reputation in that community down there as a manufacturer of intoxicating liquor?" Appellant's objection was overruled, and the witness answered: "I heard he made liquor." Several bills of exception disclose that the same question was propounded to other witnesses testifying to appellant's good reputation. The matter presents reversible error. Appellant was on trial for manufacturing intoxicating liquor, and his reputation as a manufacturer of intoxicating liquor was not available to prove his guilt. Mitchell v. State, 32 S. W. (2d) 199, and authorities cited. In McMullen v. State, 265 S. W., 582, a similar situation arose. In reversing the judgment, this court, speaking through Judge Lattimore, used language as follows: "Nor do we think the state can ever prove by other witnesses that the accused has a general bad reputation for doing the very thing involved in the charge against him on the trial—in the instant case, the making of intoxicating liquor."

The statement of the witness that he had heard that appellant made liquor was hearsay.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.