CLARENCE RAMSEY V. THE STATE.

No. 18826.   Delivered February 24, 1937.
Rehearing Denied May 5, 1937.

412

The opinion states the case.

*A. A. Dawson,* of Canton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing whisky for the purpose of sale in a dry area, to-wit: Van Zandt County; punishment, a fine of $100.00.

The complaint and information set out facts showing that Van Zandt County had held a local option election, at which the result had been favorable, and that the vote had been canvassed, the result declared and published in accordance with law.

Appellant's bill of exceptions No. 1 shows that the sheriff was permitted to testify that he made a search of appellant's premises and found certain bottles of Old American whisky showing 90 per cent proof; Glenmore whisky showing 100 per cent proof, and straight Bourbon whisky showing a label of 90 per cent proof. Said bill of exceptions sets out the objections made by appellant's attorney to this testimony, but the bill contains no statement or verification of the truth or correctness of the objections thus made. The bill shows no error.

Appellant's second bill of exceptions sets out that upon his trial the State introduced the county clerk who produced the records of his office, and identified same, showing the order canvassing the local option election, and its returns, and prohibiting the sale of intoxicating liquor in said county. The

objection was that same showed no provision with respect to liquor containing more than one-half of one per cent of alcohol by volume, and further that the order made an exception of regulations specified in Art. 3385, Revised Civil Statutes of Texas. Nothing accompanies said bill of exceptions in anywise attesting the facts stated as objections. No excerpt from the clerk's record accompanies the bill, and we are wholly unable to determine whether the things objected to appear in said record or not.

Bill of exceptions No. 3 sets up that the sheriff testified that he went to the home of appellant and there conducted a search. He was then asked what, if anything, he found as a result of said search, and the bill recites to which question and answer appellant objected for the reason that no search warrant had been shown authorizing the search of appellant's home, and that the State then offered in evidence a search warrant, but same did not aver that the County of Van Zandt was a dry area, nor did it have any averments pertinent to the question of whether the search was for liquor containing more than one-half of one per cent of alcohol by volume. The bill further recites that the court overruled said objections, and the witness testified that he seized eight pints of Old American whisky, one pint bottle half full of Old American; one-fifth gallon of Hiram Walker Twin Seal whisky; one-fourth gallon of Hiram Walker Straight Bourbon whisky. We have carefully examined this bill. For aught we can tell from its contents the sheriff may have gone to the home of appellant, and may have found sitting in the yard or out in the open where anyone could see who passed by,—all of the things mentioned. It is not shown that he entered any house, or that what is commonly called a search was made or was necessary. We are not able to uphold the complaint of a bill of exceptions which so indefinitely brings forward any valid showing of an illegal invasion of the premises of another. The facts in evidence appear ample to support the conviction.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant urges that we misapprehended bill of exception number one. We agree that we disposed of it on the wrong ground. The sheriff testified that he found three kinds of whisky, which he named, and that

the labels on the bottles showed one to be 90 proof, and the other two 100 proof each. The objection was that the recitals on the labels were hearsay as to appellant. We are not inclined to agree with appellant in this contention. Appellant was charged with knowledge of the labels on the bottles, and they were descriptive of the articles found in appellant's possession.

The sheriff had testified that he did not know whether the whisky contained more than $\frac{1}{2}$ of 1% of alcohol by volume. It is further contended that the recitals on the labels could not be considered as proof establishing the alcoholic content as being more than $\frac{1}{2}$ of 1% by volume. We think it is not necessary to depend on the recitals on the labels. The testimony shows that the contents of the various bottles was whisky and was in the opinion of the officer intoxicating. In 68 Corpus Juris, page 256, it is said that whisky is

"A generic term with a very definite, special, well defined, and well-known meaning, common in the United States, * * * more specifically an alcoholic liquid obtained by the distillation of the mash of fermented grain with a specific gravity corresponding approximately to an alcoholic strength of forty-four to fifty per cent by weight, fifty to fifty-eight per cent by volume; * * *"

In 3d Ed. Blakemore on Prohibition, Sec. 183, p. 153, it is said:

"It is a matter of common knowledge that whisky contains many times one half of one per cent of alcohol."

See, also, the U. S. Pharmacopoeia, 10th Decennial Revision, page 352, and the general definition of whisky in Webster's Collegiate Dictionary, 3d Ed.

The evidence showing that the liquor obtained was "whisky," common knowledge as to its contents would supplement the proof regardless of what the labels may have recited.

We refrain from any expression of opinion as to the evidential value, if any, of the labels as to the alcoholic content of the liquor.

The other matters urged in the motion for rehearing appear to have been properly decided originally.

The motion for rehearing is overruled.

*Overruled.*