MRS. LEONARD MORRIS V. THE STATE.

No. 18953. Delivered June 9, 1937.

The opinion states the case.

*Stinson, Hair, Brooks & Duke,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor in dry area, punishment assessed being a fine of two hundred and fifty dollars.

The indictment was assailed for not having negatived the provisions in the statute. Reliance was had for such position on Baker v. State, No. 18,666, opinion of date February 17th, 1937. Said opinion sustained appellant's position, but the State filed a motion for rehearing in said case, and in the opinion on rehearing of date June 2, 1937 (page 527 of this volume), the State's motion for rehearing was granted, the opinion of reversal was withdrawn and the judgment of the trial court was affirmed, thereby sustaining the indictment. The other cases cited by appellant were under what was known as the first "Dean" law wherein the

"defining" clause was such that we held it necessary to negative the exceptions. The distinction between that statute and the one under which the present prosecution arose is pointed out in the opinion on rehearing in the Baker case (supra).

The judgment in the present case must be reversed for the failure to submit a defensive issue raised by the testimony.

The alleged purchaser of the liquor in question was S. H. Mays. Appellant and her husband owned a cafe. Appellant conducted the cafe and the husband had a second-hand store across the street. Appellant had been sick for about two months during which time her husband ran both the cafe and the store. As we understand from the record, the day of the alleged sale was the first time appellant had been to the cafe since her illness. Mays testified that at the instance of Williams, who claimed to be sick, he went to appellant's husband at the store in an effort to buy some whisky for Williams. Mr. Morris at first denied having any liquor, but finally told him there was a package on the cook table at the cafe and for him to go there and tell appellant to let him have the package; that he did this and appellant handed him the package and that witness laid the money on the table. Appellant's evidence on the point is as follows:

"* * * he (Mays) asked me if I had any liquor there and I told him I didn't and he asked if I didn't have a little drink for a sick man there and I said I hadn't been there in two months. Yes, I had two conversations with him, he went away and came back and said there was a package on the cook table; Mr. Mays said Leonard said that there was a package on the cook table and for me to hand it to him and there was a package laying there and I said I wonder if that is it and he picked it up, the package was a paper sack, I was sick and I didn't get up and I did not know anything about what it contained. I don't remember Mr. Mays said anything about whisky, he said package and he said give him the package Leonard said for him to get, I don't remember Mr. Mays said he wanted to buy it, he did not give me any money, that was all there was to the transaction * * *"

Appellant objected to the court's charge as follows:

"Now comes the defendant and further objects and excepts to the charge of the court as a whole for the reason that the same nowhere affirmatively submits to the jury defendant's affirmative defense that she did not know at the time she delivered the package to S. H. Mays that the same contained intoxicating liquor and did not know what it contained, * * *"

Appellant asked a special charge to the same effect. Said charge was refused.

It will be seen from the testimony that the issue which appellant sought to have submitted was squarely raised by the evidence and the court fell into error in refusing to give the instruction requested.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*