## A. E. WOOLDRIDGE v. THE STATE.

No. 18872. Delivered October 20, 1937.

The opinion states the case.

*Callaway & Callaway,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of unlawfully selling whisky in dry area, and his punishment was assessed at confinement in the county jail for a period of thirty days and a fine of $150.00.

The testimony adduced by the State shows that J. M. Allison and Porter Williams, agents of the Liquor Control Board, on or about the 16th day of May, 1936, purchased some beer and also a bottle of whisky from the appellant in the City of Brownwood in Brown County, Texas, which they turned over to the sheriff of said county on the following morning. An analysis of the contents of said bottle showed that it contained alcohol in excess of one-half of one per centum by volume.

Appellant makes two contentions upon which he relies for a reversal of this case: First, because the purchasers of the whisky were accomplices, and their testimony was not corroborated; second, because the court declined to instruct the jury that J. M. Allison, the purchaser of the purported whisky, was an accomplice as a matter of law, and further because the court failed to submit to the jury the question of whether Porter Williams was an accomplice; and also because the court failed to instruct them that if they found Williams was an accomplice, that they could not convict upon the uncorroborated testimony of an accomplice or accomplices. We do not believe that the testimony in this case brings the agents of the Liquor Control Board within the category of accomplice witnesses. They did not resort to any ruse or any deceptive method by which they induced appellant to engage in the business of selling intoxicating liquor in dry area. He was already engaged in said business. They merely entered his place of business as any other person, and in the usual manner asked to buy some beer. Appellant sold beer to them which they drank on his premises. They then went to their room at the hotel, but in a short time

returned and purchased a bottle of whisky. The fact that they were agents of the State Liquor Control Board and used the whisky, which they had purchased from him, as evidence against him would not make them accomplices. A similar question was before this court in the case of Stevens v. State, No. 18,823, and decided adversely to appellant's contention (page 333 of this volume).

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.