# JANUARY 5, 1938

### LEE (BOZO) BONNER V. THE STATE.

No. 19152.    Delivered January 5, 1938.

The opinion states the case.

*Forrester Hancock,* of Waxahachie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful sale of intoxicating liquor in a dry area; penalty assessed at a fine of $100.00.

The witness, W. P. Allen, an employee of the Liquor Control Board, testified that he purchased a pint of whisky from the appellant for the sum of one dollar; that the sale took place at the residence of the appellant about dusk. No conversation was had between them except that appellant was asked if he had any whisky, whereupon appellant went back into his house and returned with the bottle of whisky. Allen identified the appellant in the court room as the man from whom he purchased the whisky. Appellant testified upon the trial and denied selling any whisky to Allen.

Appellant contends that the information is defective relative to the allegations showing Ellis County to be a dry area in which the sale of intoxicating liquor had been prohibited. The information follows the approved precedents and is similar to that approved by this court in the case of Baker v. State, 106 S. W. (2d) 308.

Appellant complains because the witness Allen was not treated as an accomplice and the jury instructed relative to the corroboration of the accomplice testimony. The appellant's contention was held untenable by this court in the recent case of Stevens v. State, No. 18,823, not yet reported (page 333 of this volume).

Complaint is made of the argument of counsel for the State. The qualification to the bill of exception certifies that the argument so made was not only invited but was made in answer to the argument of appellant's counsel. As thus qualified, no error is reflected by the bill.

The judgment is affirmed.

*Affirmed.*