EARL HUGHES V. THE STATE.

No. 19337.    Delivered February 9, 1938.
Rehearing denied March 23, 1938.

The opinion states the case.

*H. J. Bernard* and *B. L. Palmer,* both of Houston (*King C. Haynie,* of Houston, on motion for rehearing), for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of violating the Liquor Law by selling whisky from a package store on Sunday, and his punishment was assessed at a fine of $100.

Appellant's first complaint is that the court erred in declining to sustain his motion to quash the complaint and information on the ground that it charged no offense under the law. Omitting the formal parts, the information, which follows the language of the complaint, charges: "Earl Hughes, heretofore on the 4th day of April, A. D. 1937, was then and there the agent of Sterling D. Anderson who was then and there the holder of a package store permit issued by the Texas Liquor Control Board authorizing the sale at retail of intoxicating liquor on and from the premises of the said holder of said permit, and the said Earl Hughes, did then and there as such agent on said date, the same being Sunday, sell and deliver to V. L. Delaney intoxicating liquor, to-wit: whisky, said liquor containing more than fourteen per cent. of alcohol by volume, and said sale and delivery was so made on and from the premises of the said holder of said permit, and said sale and delivery was not then and there made upon the prescription of a duly licensed physician."

Section 25 of Article 666, known as the Liquor Control Act, provides as follows: "No sale or delivery of liquor shall be made on or from the premises of the holder of any permit * * * on Sunday," etc.

Appellant contends that the word "liquor" in said section, not being defined and being a generic term, applies to nonalcoholic beverages as well as to alcoholic beverages. Section 3 of Article 666 defines the word "liquor" as any alcoholic beverage containing alcohol in excess of four per cent. by weight unless otherwise indicated. When the Legislature has specifically defined a word or words, the courts in construing a statute will generally give it such meaning as is indicated by the legislative intention. Liquor being defined in the Act as a beverage containing alcohol in excess of four per cent. by weight would include a beverage containing more than fourteen per cent. of alcohol by volume. The word "excess" has a well defined and commonly understood meaning, and when used in connection with the alcoholic content of a liquor may mean 25, 50, or 100 per cent. The information in the instant case charged that appellant sold intoxicating liquor, to-wit: whisky; by this it meant an alcoholic beverage containing alcohol in excess of four per cent. by weight. Moreover, this Court has often taken judicial knowledge of the fact that whisky is an intoxicating beverage, containing alcohol in excess of four per cent. by weight. See Ramsey v. State, 104 S. W. (2d) 858; Benson v. U. S., 10 Fed. (2d) 309.

Appellant's next contention is that the Liquor Control agents were accomplice witnesses. The mere offer on the part of the agents to purchase whisky and the payment therefor did not make them accomplices. They used no ruse or deceptive methods to induce him to violate the law. He was already engaged in disregarding it. A similar question was before this Court and was decided adversely to appellant's position in the cases of Stevens v. State, 110 S. W. (2d) 906, and Wooldridge v. State, 109 S. W. (2d) 751.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

°

## ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant contends that his motion to quash the complaint and information should have been sustained because of their duplicity in that they each charged that the appellant on Sunday "did sell and deliver to V. L. Delaney intoxicating liquor, to-wit: whisky, said liquor containing more than fourteen per cent. of alcohol by volume," etc., his complaint being that the sale on Sunday was prohibited, and that the delivery on Sunday was also prohibited, and that the pleader thus charged two offenses in one count.

In Willis v. State, 34 Texas Crim. Rep. 148, we held: "Where several ways are set forth by which an offense may be committed, and are embraced in the same general definition, and are punishable in the same manner, they are not distinct offenses, and may be charged conjunctively in the same count." Again, Judge HURT said in Brown v. State, 38 Texas Crim. Rep. 597, 44 S. W. 176: "Duplicity consists in alleging, in one count, separate and distinct felonies; but the rule can never apply when it simply alleges different phases of the same misdemeanor."

It is interesting to note that in the above Brown case the indictment charged Brown with both selling liquor and keeping open a saloon for the purpose of traffic and sale of liquor on Sunday. We further note that selling and delivering on Sunday involve the same transaction, and are punished in the same way, under the same article of the statute, and as thus conjunctively charged, the information is not duplicitous pleading and

properly charges a violation of the laws of this State. For further collated authorities see Texas Digest, Vol. 21, page 494.

We think that the further proposition herein advanced relative to a failure to prove that the liquor thus sold and delivered was whisky has been fully discussed in our original opinion herein, and we see no reason for a further discussion thereof.

The motion for rehearing will be overruled.