### STERLING D. ANDERSON v. THE STATE.

No. 19339. Delivered February 16, 1938.
Rehearing denied March 23, 1938.

The opinion states the case.

*H. J. Bernard* and *B. L. Palmer,* both of Houston (*King C. Haynie,* of Houston, on motion for rehearing), for appellant.

*E. T. Branch* and *H. E. Kahn,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for a misdemeanor; punishment being assessed at a fine of $100.

The complaint and information charge, in substance, that appellant was the holder of a package store permit issued by the Texas Liquor Control Board authorizing the sale at retail of intoxicating liquor on premises situated at No. 1400 Franklin Avenue, at and near the intersection of Franklin Avenue and Austin Street in the city of Houston. Further, it is averred that on the 11th of April, 1937, the same being Sunday, appellant sold and delivered to Turner Keith intoxicating liquor, to-wit, "whisky, said liquor containing more than 14 per cent. of alcohol by volume." Again, it is alleged that the sale and delivery were not made upon the prescription of a duly licensed physician.

The proof on the part of the State was to the effect that Turner Keith, an inspector of the Liquor Control Board, went to appellant's place of business on the 11th of April, 1937, and purchased some whisky from appellant. The sale was not made upon the prescription of a duly licensed physician. Other inspectors were present when the sale was made.

Appellant's contention that the inspectors were accomplice witnesses can not be sustained. No deceptive methods were used by them to induce appellant to violate the law. A similar question was before this Court and was decided adversely to the appellant's contention in the cases of Stevens v. State, 110 S. W. (2d) 906, and Wooldridge v. State, 109 S. W. (2d) 751.

We deem it unnecessary to discuss appellant's motion to quash the complaint and information. The question here raised was decided adversely to the appellant's contention in the case of Earl Hughes v. The State, Opinion No. 19337, delivered February 9, 1938. [Page 175 of this volume.]

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The legal questions presented are identically the same as those raised in the case of Hughes

v. State, No. 19337, in which an opinion on motion for rehearing is this day delivered. [Page 175 of this volume.] Upon the reasons and authority of that case, the motion for rehearing in the present instance is overruled.