# MARCH 23, 1938

Mrs. Sterling D. Anderson v. The State.

No. 19338. Delivered February 16, 1938.
Rehearing denied March 23, 1938.

The opinion states the case.

*H. J. Bernard* and *B. L. Palmer,* both of Houston (*King C. Haynie,* of Houston, on motion for rehearing) for appellant.

*E. T. Branch* and *H. E. Kahn,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for a misdemeanor; punishment being assessed at a fine of $100.

The complaint and information charge, in substance, that appellant's husband was the holder of a package store permit issued by the Texas Liquor Control Board, authorizing the sale at retail of intoxicating liquor on premises situated at No. 1400 Franklin Avenue, at and near the intersection of Franklin Avenue and Austin Street in the city of Houston. Further, it is averred that on the 11th of April, 1937, the same being Sunday, appellant, as agent of her husband, sold and delivered to V. L. Delaney intoxicating liquor, to-wit, "whisky, said liquor containing more than 14 per cent. of alcohol by volume." Again, it is alleged that the sale and delivery were not made upon the prescription of a duly licensed physician.

The testimony on the part of the State was to the effect that V. L. Delaney, an inspector of the Texas Liquor Control Board, went to appellant's husband's place of business on the 11th of April, 1937, and purchased some whisky from appellant. The sale was not made upon the prescription of a duly licensed physician. Other inspectors of the Liquor Control Board went with Mr. Delaney on the occasion of the purchase, and testified as witnesses for the State upon the trial of the appellant.

Appellant's contention that the inspectors were accomplice witnesses can not be sustained. No deceptive methods were used by them to induce appellant to violate the law. A similar question was before this Court and was decided adversely to the appellant's contention in the cases of Stevens v. State, 110 S. W. (2d) 906, and Wooldridge v. State, 109 S. W. (2d) 751.

The question herein raised relative to the sufficiency of the complaint was decided adversely to the appellant's contention in the case of Earl Hughes v. The State, Opinion No. 19337, delivered February 9, 1938. [Page 175 of this volume.]

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The legal questions presented are identically the same as those raised in the case of Hughes v. State, No. 19337, in which an opinion on motion for rehearing is this day delivered. [Page 175 of this volume.] Upon the reasons and authority of that case, the motion for rehearing in the present instance is overruled.