## EARL HUGHES V. THE STATE.

No. 19335. Delivered February 16, 1938.
Rehearing denied March 23, 1938.

The opinion states the case.

*H. J. Bernard* and *B. L. Palmer,* both of Houston (*King C. Haynie,* of Houston, on rehearing only), for appellant.

*Kahn & Branch,* of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—The complaint and information charged in substance that appellant was the agent of one Anderson who was the holder of a package store permit issued by the Texas Liquor Control Board, and that appellant on a Sunday sold whisky containing more than 14 per centum of alcohol to a named party, said sale not being made upon the prescription of a duly licensed physician. The State's pleading contained other averments not necessary here to mention.

Upon conviction appellant was fined one hundred dollars.

The prosecution was under Article 666-25 of the law designated as the Texas Liquor Control Act.

Appellant contends that the complaint and information charge no offense. The same point was urged in Cause No. 19337, same appellant, opinion February 9th, 1938 [page 175 of this volume], and was decided against him. There is no occasion to discuss the matter further.

It is urged that the purchaser was an accomplice witness and that no corroboration of his evidence appears. The purchaser of the liquor was an inspector of the Liquor Control Board. All he did was to ask for a designated brand of whisky kept for sale in the open liquor store. It was delivered to him by appellant who received the purchase price. There is no testimony of any entrapment. The inspector appeared as any other purchaser and made no false or misleading statements to induce the sale, and was guilty of no deceit. He was not an accomplice witness. Stevens v. State, 110 S. W. (2d) 906; Mason v. State, 110 S. W. (2d) 1153; Wooldridge v. State, 109 S. W. (2d) 751.

The judgment is affirmed.


ON MOTION FOR REHEARING.


GRAVES, JUDGE.—This case is similar to the case of Earl Hughes v. State, No. 19337, opinion this day delivered [page 175 of this volume], and the same points are raised in the motion for rehearing herein as were therein presented, and on that authority this motion is overruled.