EARL HUGHES v. THE STATE.

No. 19334.   Delivered February 16, 1938.
Rehearing denied March 23, 1938.

The opinion states the case.

*H. J. Bernard* and *B. L. Palmer*, both of Houston (*King C. Haynie,* of Houston, on motion for rehearing), for appellant.

*Kahn & Branch,* of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for a misdemeanor, punishment being assessed at a fine of $100.

The complaint and information charge, in substance, that appellant was the agent of Sterling D. Anderson, who was then and there the holder of a package store permit issued by the Texas Liquor Control Board authorizing the sale at retail of intoxicating liquor on and from premises situated at No. 1400 Franklin Avenue, in the city of Houston. Further, it is averred that on the 11th of April, 1937, the same being Sunday, appellant sold and delivered to V. L. Delaney intoxicating liquor, to-wit, "whisky, said liquor containing more than 14 per cent. of alcohol by volume." Again, it is alleged that the sale and delivery were not made upon a prescription of a duly licensed physician.

The testimony of the State was to the effect that V. L. Delaney, an inspector of the Texas Liquor Control Board, went with other inspectors to the place of business of Sterling D. Anderson, where Delaney purchased some whisky from appel-

lant. The sale was not made upon the prescription of a duly licensed physician.

Appellant's contention that the inspectors were accomplice witnesses can not be sustained. No deceptive methods were used by them to induce appellant to violate the law. A similar question was decided adversely to the appellant's contention in the cases of Stevens v. State, 110 S. W. (2d) 906, and Wooldridge v. State, 109 S. W. (2d) 751.

The question herein raised relative to the sufficiency of the complaint was decided adversely to the appellant's contention in the case of Earl Hughes v. The State, Opinion No. 19337, delivered February 9, 1938. [Page 175 of this volume.]

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

GRAVES, JUDGE.—This case is similar to the case of Earl Hughes v. State, No. 19337, opinion this day delivered [page 175 of this volume], and the same points are raised in the motion for rehearing herein as were therein presented, and on that authority this motion is overruled.