The offense is selling whisky in a dry area; the punishment, a fine of $100. ·

Appellant operated a café in Cleburne, Tex. Porter L. Williams, an inspector of the Texas liquor control board, testified that he went to appellant's café on the 27th of January, 1937, and purchased a pint of whisky from appellant. H. D. Allen, who was also an inspector of the liquor control board, was outside the café when the purchase was made. He testified that he did not know the purpose of Williams in entering the café. However, he said that when Williams came out he brought a pint of whisky with him.

 It is shown in bill of exception No. 1 that, on cross-examination, appellant's counsel, in substance, asked Williams why he went to the café. His reply was he had information that whisky was being sold in said café. Appellant's request that the answer of the witness be withdrawn from the consideration of the jury was granted. Under the circumstances, we are unable to reach the conclusion that reversible error is presented. It is the rule that the accused may not bring out objectionable testimony and then predicate error upon its reception. Crowley v. State, 117 Tex.Cr.R. 372, 35 S.W.2d 437.

■ It is shown in bill of exception No. 2 that Porter L. Williams testified without objection that he carried the whisky he purchased from appellant to Fort Worth and had the bottle labeled showing the date the purchase was made. When H. D. Allen was testifying, he stated that before taking the stand he had tasted the whisky that Williams had purchased from the Lucas café. Further, he testified that he knew it was the same bottle because it had "Sam Lucas" on it. To the last statement of the witness the appellant objected on the ground that it was hearsay. The bill, as qualified, shows that the label was not introduced in evidence, and was merely referred to to identify the whisky that had been brought from Fort Worth. We think the bill, as qualified, fails to reflect reversible error.

■ There is no merit in appellant's contention that it was incumbent upon the state to prove that no subsequent elections had been held in Johnson county legalizing the sale of intoxicating liquor. This was a defensive matter. Stevens v. State, Tex.Cr.App., 110 S.W.2d 906.

■ Stevens v. State, supra, is also authority supporting our conclusion that the inspectors were not accomplice witnesses.

■ Appellant's motion for an instructed verdict was properly overruled. The jury were warranted in rejecting appellant's testimony to the effect that he had no whisky in his café and made no sale to Williams on the occasion in question.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

BAZAR v. STATE.

No. 19567.

Court of Criminal Appeals of Texas.

March 3, 1938.

Aubrey H. Fielder, of Lockhart, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is sodomy; penalty assessed at confinement in the penitentiary for ten years.

The indictment appears regular. The record is before this court without statement of facts or bills of exception. No error has been perceived or pointed out.

The judgment is affirmed.