MRS. HARVEY COMMANDER v. THE STATE.

No. 19452.   Delivered March 16, 1938.
Rehearing denied April 20, 1938.

The opinion states the case.

*Denman & Fowler,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is sale of liquor in dry territory; punishment is assessed at a fine of $100.00 and confinement in the county jail for thirty days.

The State introduced Roger P. Boyd, an agent for the State Liquor Control Board, who testified that on April 19, 1937, he went to the home of Mrs. Harvey Commander and purchased a pint bottle of whisky for seventy-five cents. E. A. Gordon, district supervisor for the Liquor Control Board, testified that Boyd turned the whisky over to him and that he, in turn, placed it in the hands of a chemist. The chemist testified that the bottle contained more than 43 per centum of alcohol by volume.

Appellant relied on the defense of alibi. She testified that she was not at home on the day in question; that she had left her home on said day at 9:30 A. M. and gone to Shawnee Lake, where she spent the day, returning at 9:00 or 9:30 P. M. She was supported, in her testimony, by three witnesses.

Appellant contends that the testimony of Roger P. Boyd shows that he was an accomplice witness as a matter of law. This question has been recently decided adversely to appellant's contention. See Stevens v. State, 110 S. W. (2d) 906; Wooldridge v. State, 109 S. W. (2d) 751.

Appellant complains that the court erred in not sustaining her motion for an instructed verdict because the complaint and information charged that appellant was not the holder of a medicinal permit or an industrial permit, while there was no proof on the trial of the case to sustain such allegations. This Court has held that it was not necessary to negative the exceptions in a complaint and information, the same being surplusage. See Baker v. State, 106 S. W. (2d) 309; Morris v. State, 106 S. W. (2d) 314. Moreover, it was well settled under the old Dean Law that where the State alleged in the information that the defendant did not come within the exceptions in the statute, then the burden was on the defendant to prove that he did come within such exceptions. The reason for the rule was that the facts necessary to support such negative averment were peculiarly within the knowledge of the accused. We see no

reason why this rule would not apply with equal force under the law applicable to the facts of this case. See Roberts v. State, 234 S. W. 89; Hadnot v. State, 233 S. W. 1102.

By bill of exception number one, appellant complains of the following question propounded to Roger P. Boyd, witness for the State: "Q. 'Mr. Boyd, did you have information of that place before you went out there?' A. 'Yes, sir.'"

Defendant objected to the question and answer on the grounds that it was improper, illegal, hearsay and prejudicial. The court sustained the objection and instructed the jury not to consider it, whereupon the counsel for State again asked: "Did you have information—?"

Upon another objection at this point, the court again sustained the objection and instructed the jury not to consider it. We do not believe that the matter complained of was, under the circumstances, of such prejudicial nature as would require a reversal.

No error appearing in the record, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant files a motion for rehearing herein, and again urges as error the matter passed upon in the latter portion of our original opinion herein. Upon an examination of the authorities cited in appellant's motion, we are constrained to adhere to our former ruling herein. We do not think the matter of sufficient importance to cause us to recede from our position taken in the original opinion.

The motion for rehearing is overruled.