MRS. SAM SHARP v. THE STATE.

No. 19739.   Delivered May 11, 1938.

The opinion states the case.

*L. D. Johnston,* of Waxahachie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The appellant was convicted for selling intoxicating liquor in the dry area of Ellis County, Texas, and her penalty assessed at thirty days' confinement in the county jail.

There are two bills of exception in the record, bill No. 1 complaining of the court's refusal to charge the jury that the witness W. Y. Mills was an accomplice, and it was necessary that his testimony relative to the sale of the liquor described in the information be corroborated.

We have heretofore held in the case of Stevens v. State, 110 S. W. (2d) 906, in a well considered opinion by the late Judge LATTIMORE, and a line of cases following such decision, that an agent of the Liquor Control Board, in the absence of any effort

of entrapment, who purchases liquor in a dry area merely to detect violations of the law, and without promises or deceit, was not an accomplice witness whose testimony had to be corroborated in the prosecution of a seller of liquor.

To the same effect is bill of exceptions No. 2, wherein appellant requested the court to instruct a verdict of not guilty because of the fact that the evidence of W. Y. Mills was unsupported by any corroborating evidence thereto. What we have said in regard to bill of exceptions No. 1 applies also to this bill, and we do not think the court was called on to instruct the jury relative to the accompliceship of the witness W. Y. Mills under the facts disclosed by this record.

The judgment will accordingly be affirmed.