V. H. MAGEE v. THE STATE.

No. 19676. Delivered June 8, 1938.
Rehearing denied October 26, 1938.

The opinion states the case.

*J. Mitch Johnson,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful sale of whisky in a dry area; penalty assessed at confinement in the county jail for 135 days and a fine of $400.00.

B. R. Fowler, an inspector for the Liquor Control Board, testified that he was acquainted with the appellant and went to his residence on February 21, 1937, and purchased from him a pint of Four Roses whisky for which he paid him $1.90; that he later delivered the whisky purchased from the appellant to Mr. Calloway, supervisor of the Liquor Control Board at San Angelo, Texas. The whisky was introduced in evidence upon the trial and identified by Fowler as that which he purchased from the appellant.

The appellant did not testify upon the trial nor did he introduce any defensive testimony.

In four bills of exception complaint is made of the introduction in evidence by the State of (1) the petition for the prohibition election presented to the commissioners' court of San Saba County on February 13, 1914, (2) the order of said court dated February 13, 1914, ordering an election to determine whether or not the sale of intoxicating liquor should be prohibited in said county, (3) the proclamation and order of the court dated March 7, 1914, declaring the result of the election, and (4) the affidavit of the publication of the result of said election by the county judge of San Saba County dated January 22, 1916. In each instance, the objection made was that "there is a variance between the allegations made in said Information and Complaint and the proof offered in that the pleadings intro-

duced by the State do not contain a sufficient allegation to support the record introduced by the State of Texas."

The procedure followed by the trial court finds support in the case of Miller v. State, 114 S. W. (2d) 244, from which we take the following quotation:

"We discover no error of the court in admitting the orders of the commissioners' court, and the certificate of the then county judge under the averments in the complaint and information. We are not advised what claimed 'variance' existed unless it be based on the fact that the election mentioned prohibited the sale of intoxicating liquor in the county and the charge against appellant was for possessing intoxicating liquor for the purpose of sale. If this be the variance complained of, the recent case of Price v. State, Texas Crim. App., 109 S. W. (2d) 198, and those cited in that opinion, are against appellant's contention."

Bill of exception No. 6 complains of the refusal of the court to give appellant's special charge No. 2 to the effect that the State's witness, B. R. Fowler, was an accomplice witness whose testimony required corroboration. The action of the trial judge in refusing to give said charge is supported by the decision of this Court in the case of Stevens v. State, 110 S. W. (2d) 906, in which it was held that Liquor Control Board inspectors who bought liquor for the purpose of detecting violations of the law were not accomplice witnesses whose testimony required corroboration in prosecutions of the seller of liquor. See also Lucas v. State, 114 S. W. (2d) 241; Hughes v. State, 114 S. W. (2d) 566; Anderson v. State, 114 S. W. (2d) 570; Scroggins v. State, 111 S. W. (2d) 273; Wooldridge v. State, 109 S. W. (2d) 751.

The judgment is affirmed.

## ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant, in his motion for a rehearing, insists that we committed a grievous error in not holding that the trial court erred in admitting in evidence: (1) the petition calling for an election to determine whether the sale of intoxicating liquor should be prohibited in San Saba County; (2) the order of the commissioners' court ordering the election to be held; (3) the publication of the result thereof; (4) the proclamation.

His contention seems to be that inasmuch as the same were not literally set out in the information, there was a variance between the proof and the allegations. We are still unable to agree with him. The State was not required to plead its evidence.

The information charges that on the 7th day of March, 1914, an election was held in San Saba County in accordance with law to determine whether or not the sale of spirituous intoxicating liquors, to-wit—whisky, should be prohibited; that said election resulted in favor of prohibiting the sale of whisky in said county. That the commissioners' court of said county made and entered its order declaring the result of said election and prohibiting the sale of intoxicating liquor in said county. That said order was published for four consecutive weeks in the San Saba County News, a newspaper published weekly in said county; which publication was duly certified to by the county judge and his certificate duly entered on the minutes of the commissioners' court as required by law. We think this was sufficient to authorize the introduction in evidence of the documents objected to.

Appellant's motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.