LENA COOKS V. THE STATE.

No. 19978.   Delivered January 4, 1939.

The opinion states the case.

*J. A. Veillon,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful possession of whisky in a container to which no tax stamp showing the payment of the tax due the State of Texas

was affixed; penalty assessed at a fine of $200.00 and confinement in the county jail for a period of sixty days.

Joe E. Winfree, Jr., an Inspector for the Texas Liquor Control Board, testified that he knew the appellant; that on the morning of February 4, 1938, he went to the home of the appellant in Beaumont, Texas, and purchased from her a half pint of untaxed whisky for which he paid her the sum of thirty-five cents. After labeling the bottle for identification, the witness turned it over to one, Grady Watson, who placed it in a storage cabinet. The whisky was introduced in evidence upon the trial and identified by the witness as that which he had purchased from the appellant.

Grady Watson, a deputy supervisor for the 15th District of the Texas Liquor Control Board, testified that he received a bottle of whisky from the witness Winfree on or about February 4, 1938; that at the time of its receipt the bottle contained no stamp showing the payment of the tax due the State. The witness Watson testified further that he knew the appellant; that she was the same person who pleaded guilty in the same court in August, 1937, to a charge of the possession of untaxed liquor.

The State introduced in evidence the record of the County Court at Law of Jefferson County, showing that on August 9, 1937, the appellant was convicted in said court in cause No. 19,143, for the possession of untaxed liquor; that she entered a plea of guilty to the offense charged and paid a fine of $100.00. Such procedure was authorized by Art. 61, P. C., relating to second and subsequent convictions for misdemeanors.

Appellant did not testify as a witness upon the trial; nor did she introduce any defensive testimony.

Appellant presented a special charge requesting the court to instruct the jury that the State's witness, Joe E. Winfree, Jr., was an accomplice witness whose testimony required corroboration. The court's refusal of said special charge is made the subject of complaint in a bill of exception.

The decisions of this court are unanimous to the effect that Inspectors of the Texas Liquor Control Board who purchase liquor in dry areas, not for the purpose of entrapment, but to detect violations of the law and without promises or deceit, are not accomplice witnesses whose testimony requires corroboration. See Stevens v. State, 110 S. W. (2d) 906; Magee v. State, 120 S. W. (2d) 248; Lucas v. State, 114 S. W. (2d) 241; Hughes v. State, 114 S. W. (2d) 566; Scroggins v. State, 111 S. W. (2d) 273; Bonner v. State, 112 S. W. (2d) 187; Com-

mander v. State, 115 S. W. (2d) 654; Sharp v. State, 116 S. W. (2d) 745.

Bill of Exception No. 2 complains of the action of the trial court in refusing the appellant's Requested Special Charge No. 2 defining an accomplice and relating to the State's witness, Joe E. Winfree, Jr., as an accomplice witness. Under the authorities mentioned and the facts of the instant case, the witness Winfree was not an accomplice witness whose testimony required corroboration in order to sustain the conviction. Therefore, no error is reflected by the bill.

The judgment is affirmed.