sir, there wasn't a word spoken between me and Wallace that night."

The appellant, testifying as a witness in his own behalf, denied that he cut the injured party and denied that he had a knife on that occasion.

Under these facts, there is an absence of proof showing that the instrument with which the assault was · committed was a deadly weapon. The injury inflicted was not shown to have been of a serious nature, but, to the contrary, according to the testimony of the doctor, consisted only of "local wounds." There is an absence of any testimony showing express malice or prior ill feeling on the part of the appellant toward the injured party.

In the light of these facts, we are unable to reach the conclusion that the facts are sufficient to show appellant guilty of the offense of assault with intent to murder. See Branch's P.C., § 1661; Lozano v. State, 138 Tex.Cr.R. 549, 137 S.W.2d 1031; Sofge v. State, 133 Tex.Cr.R. 409, 111 S.W.2d 720; Jones v. State, 116 Tex. Cr.R. 30, 28 S.W.2d 146, and authorities cited and discussed therein.

The judgment of the trial court is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion .of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Dwight Baldwin, of Beaumont, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

The offense is the unlawful sale of whiskey on Sunday, Art. 666—25, Vernon's Ann.P.C.; the punishment, a fine of one hundred dollars.

The record is before us without a statement of facts or bills of exception.

The information is sufficient to charge the offense. Hughes v. State, 134 Tex. Cr.R. 175, 114 S.W.2d 566.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.