## FEDERICO MEDINA V. THE STATE.

No. 23201. Delivered October 31, 1945.
State's Motion for Rehearing Granted February 6, 1946.
Rehearing Denied March 27, 1946.

The opinion states the case.

*Roy A. Scott*, of Corpus Christi, for appellant.

*Ernest S. Goens*, State's Attorneye, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of unlawfully possessing marihuana and his punishment was assessed at confinement in the state penitentiary for a term of two years.

He brings forward a great number of complaints. His first contention is that the trial court erred in declining to sustain his motion to quash the indictment which, omitting the formal parts thereof, reads as follows:

" * * * that Federico Medina on or about the 10th day of January, A. D., 1945, and anterior to the presentment of this Indictment, in the County of San Patricio and State of Texas, did then and there unlawfully possess Marihuana, etc."

The second count charged him with unlawfully selling marihuana. He based his contention on the ground that the indictment failed to negative the exceptions in Sections 4, 11 and Section 2a of Article 725, P. C. We think the indictment is sufficient to charge the offense.

In the case of Baker v. State, 132 Tex. Cr. R. 527, 106 S. W. (2d) 308 (312), the rule is stated to be that where the exceptions to the application of a statute are not a necessary part of the definition of the offense denounced by or descriptive of it, no necessity existed to negative the exceptions. In other words, if the thing forbidden by the particular statute under consideration could not be made out without proof of the so-called exception, then the exception would be a necessary element of the offense and its existence should be negatived in the indictment.

In the instant case, the prosecution is based on Art. 725b, P. C. The exceptions appear in Sections 5, 6, 7, and 8 of said article. Therefore, under the rule announced in the Baker case, supra, and followed in Morris v. State, 132 Tex. Cr. R. 563; Commander v. State, 134 Tex. Cr. R. 337; Hebert v. State, 134 Tex. Cr. R. 112, there was no necessity for negativing the exceptions.

By Bill of Exception Nos. 2 to 5 both inclusive, it is shown that the District Attorney, on direct examination of the State's witness, Fermin Morin, asked him if he ever bought any marihuana from appellant, to which appellant objected on the ground that it called for a conclusion of the witness inasmuch as he had not qualified as an expert. The court overruled the objection to which ruling appellant excepted.

Bill No. 3 shows that the District Attorney propounded the following question to said witness:

"Now, up to, I will say, the first of February this year, how long have you been buying marihuana from Federico Medina?"

Appellant, in addition to the objections stated in Bill No. 2, objected to said question and answer of the witness on the ground that the question was too general and may be an indirect way of proving an extraneous offense. The objection was overruled and appellant excepted, whereupon the witness answered that he had been buying marihuana from appellant for about five months and paid fifty cents for each cigarette.

Bill No. 4 shows that the District Attorney again asked the witness:

"Now, up to, I will say, the first of February this year, how long have you been buying marihuana from Federico Medina?"

Appellant objected on the ground that the question was too general and was an attempt to prove extraneous offenses, to which the District Attorney replied that he would confine his inquiry to a specific time and place and would connect up the evidence. Thereupon the court overruled the objection and appellant duly excepted.

Bill No. 5 shows that the District Attorney inquired of the State's witness, Juan Almanza, if he, in January of this year (1945) bought any cigarettes from Fermin Morin, to which

the witness replied, "Yes, sir." He objected to the question and answer and requested the court to instruct the jury to disregard the same for the reason that the matter was irrelevant to any charge in the indictment, etc. The objection, as well as the request, was overruled, to which he in due time excepted.

For a better understanding of the correctness of the court's ruling, we deem it proper to state that the evidence shows that in January, 1945, Fermin Morin purchased a cigarette from appellant and this cigarette he sold to Juan Almanza, who, on the following day, delivered it to a deputy sheriff, who in turn delivered it to the sheriff, who took it to the Department of Public Safety at Austin and had it analyzed by the chemist, and this chemist testified that the cigarette contained marihuana. It will thus be noted that the District Attorney fulfilled his promise to the court by connecting the evidence given by Fermin Morin and Juan Almanza up with that of the sheriff, the deputy and the chemist. The indictment containing two counts,—one charging possession and the other charging him with selling marihuana, evidence of the sale, as well as the possession, of the drug by appellant became admissible.

Appellant next contends that since the court submitted the case to the jury on the first count, it was tantamount to an election by the State and therefore the court erred in not sustaining his motion requesting the withdrawal of all evidence pertaining to a sale of marihuana by appellant. Had the court complied with appellant's request, it would have left the State without any evidence upon which a conviction could have been sustained, because the evidence in support of the first count disclosed that the witness, Fermin Morin, purchased the cigarette containing the drug from appellant in January, 1945. This evidence was sufficient to show that appellant possessed the drug at the time of the sale. It was so interrelated as to constitute one transaction. Under the facts and circumstances of this case, we perceive no error in the court's ruling.

Bills of Exception Nos. 7 and 8 complain of the action of the District Attorney in asking the State's witness, Juan Almanza, how long he had been buying cigarettes from appellant and what he paid for them, to which the witness replied: "About five months" and "paid fifty cents for each cigarette." Appellant objected thereto on the ground that the same tended to prove other and extraneous offenses and was prejudicial. The objection was overruled and he excepted. Thereupon the District At-

torney inquired of said witness how he knew that they were marihuana cigarettes, to which the witness replied: "I know marihuana; I have smoked it." To which question and answer appellant objected and requested the trial court to strike the same from the record and instruct the jury not to consider the same for any purpose on the ground that the witness had not qualified. We think that the evidence was admissible. The objection went more to its weight than to its admissibility. When the witness testified that he knew marihuana, that he had smoked it and dealt in it, he would be qualified to so testify.

In Branch's Ann. Tex. P. C., p. 98, Sec. 166, it is said:

"When an extraneous crime or other transaction is a part of the res gestae, or tends to show intent when intent is an issue, or tends to connect defendant with the offense for which he is on trial, proof of same is admissible."

Appellant, in due time, addressed a number of objections to the court's main charge. We deem it unnecessary to discuss all of them.

The record reflects that appellant introduced Frank Yglesia as a witness and proved by him that he (Yglesia) was acquainted with the general reputation of appellant as a law-abiding citizen, as well as his general reputation, for truth and veracity and that it was good. The State, on cross-examination of said witness, elicited from him the fact that he had heard that appellant was dealing in marihuana. No objection was interposed to this testimony and no request was made to have it withdrawn from the jury. However, he did object to the court's charge on the ground that the court failed to limit it to the purpose for which it was admitted, that is, that it could only be considered by the jury, if they considered it at all, for the purpose of determining the knowledge or sincerity of the witness and not as any evidence of the guilt of the defendant for the offense for which he was on trial. We are of the opinion that the trial court should have responded to the objection and his failure to do so constitutes reversible error. This is especially true since the State, by hearsay evidence, was permitted to prove the offense for which appellant was then on trial and the jury was authorized to utilize it for that purpose without any instruction limiting said evidence. In support of what we have said here, we refer to the following authorities: Simmons v. State, 61 S. W. (2d) 121; Moore v. State, 111 Tex. Cr. R. 435, 14 S. W. (2d) 849; McMullen v. State, 265 S. W. 582, 98 Tex. Cr. R. 229.

All other matters complained of have been considered by us and deemed to be without merit.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The State has filed a motion for rehearing, insisting that our original opinion is erroneous in holding that appellant's objections and exceptions to the trial court's charge was sufficiently specific to direct the court's attention to a desire that the testimony of Yglesia on cross-examination be limited. This witness Yglesia, on direct examination, testified only to the good reputation of appellant for being peaceable and law-abiding, as well as being good for truth and veracity. We quote his full cross-examination:

"Prior to the time that Frederico Medina was arrested and placed in jail, I had heard that he was dealing with marihuana." To this evidence there appears to have been no objection.

Appellant's objections and exceptions to the court's charge dealing with the testimony of Yglesia follows:

"8. Because the Court has failed to limit the jury's consideration of any and all testimony as to bootlegging on the part of the defendant to whatever effect the same may have had on the credibility of the witness Frank Yglesia." It is apparent that the witness Yglesia did not testify that he had heard of any bootlegging upon the part of appellant.

Another character witness, Joe Brittain, did testify that he had heard that appellant "had been bootlegging." We find no objection to such testimony, or request to have it limited, and no further mention is made of it in the record.

A "bootlegger" is a slang expression meaning "one who bootlegs; specifically, one who makes a business of bootlegging

alcoholic liquor." (Webster's New International Dictionary, 2d Edition).

It may be that in preparing his objections to the court's instructions appellant confused the witness who had testified that he had heard of appellant's "bootlegging", but Yglesia not having so testified the court could not have limited his testimony as suggested in the objections filed by appellant.

Art. 658 C. C. P. requires objections to the charge to "distinctly (specify) each ground of objection."

Upon further consideration we have concluded that our original opinion upon the question under discussion was erroneous in that the objections presented in the trial court were not sufficiently specific.

The State's motion for rehearing is granted, the judgment of reversal is set aside, and the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

At appellant's insistence, the entire record has been again examined.

We remain convinced that reversible error is not reflected. No useful purpose would be served to write further.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.